ALBERT C. HORTON v. MORGAN C. HAMILTON.

The principle upon which judgments are held conclusive upon the parties, requires that the rule should apply only to that which was directly in issue, and not to everything which was incidentally brought into controversy during the litigation. The rule applies only to what was directly in issue and determined by the judgment; and it must have been a decision upon the merits.

Where A brought suit for a mandamus to compel the District Surveyor to survey and return certain land for patent, setting out the facts of his claim to the land, and the Surveyor answered that the land had already been surveyed and returned for patent upon the application of B, and on motion of B he, B, was made a defendant, and filed an answer alleging that the land belonged to him by virtue of the surveys made as aforesaid, and specially objecting to the application for mandamus on grounds, some of which went to the merits of their respective claims, and others to the merits of the application for mandamus merely, without regard to the merits of the title; and the judgment of the District Court merely was that the mandamus be refused; and on appeal said judgment was affirmed on grounds which did not go to the merits of the title; in a subsequent suit by B against A to recover the land, it was held that the merits of the title had not been adjudicated in the first suit, and that the judgment was not a bar.

Appeal from Guadalupe. Tried below before the Hon. Thomas J. Devine.

Action of trespass to try title to certain land, commenced March 18th, 1853, by Morgan C. Hamilton against Oscar Frederick. Spring Term, 1853, Albert C. Horton was made a defendant by agreement, and cause continued. Answer by Horton, claiming to be the real owner of the land sued for, and landlord of defendant Frederick, and alleging the particulars of his title. Replication of former judgment, alleging the particu-

lars. Rejoinder, that defendant was not barred or precluded from his defence, pleaded by him as aforesaid, by reason of said former judgment, because he says the subject matter of said suit, wherein said former judgment was rendered, is not identical with the present; nor were the same matters adjudicated in that suit. And further defendant avers, that the said judgment was rendered in the year 1852, and that one year did not elapse from the rendition of said judgment before the commencement of this suit by plaintiff. Wherefore, &c. Defendant also excepted to the plea of former judgment, on the ground that his answer, which was a plea of intervention and reconvention, was filed within twelve months after the determination of the former suit, in the Supreme Court. Defendant's exception to the plea of former judgment was overruled; wherefore the Court proceeded to the consideration of the said plaintiff's plea in bar, of former adjudication, upon the record, submitted in support thereof, in the case of Albert C. Horton v. James R. Pace and M. C. Hamilton, from the District Court of Travis county; and upon the admission of counsel as to the identity of the parties; and after full argument had upon the issue presented by the plea or replication of said plaintiff, of former adjudication, as aforesaid, because it seems to the Court that the same is fully supported by said record and admission, the same is sustained, &c.

The record from Travis District Court was as follows: Petition filed March 15th, 1849, in Travis District Court, by Albert C. Horton, alleging that on the 19th of February, 1838, he filed with the principal Surveyor of Bastrop county, his headright certificate for a league and labor of land, and pointed out a league of land on the San Antonio Road, Guadalupe east side, league No. 1, to be surveyed thereon; that the Surveyor made out a set of field-notes, and forwarded them to the General Land Office, referring to the field-notes of league No. 1, as aforesaid, then on file in said office, as a part of the archives of Milam's colony; but the Commissioner refused to patent said land because it conflicted with said league No. 1, titled to one Henry Brown; and for no other cause or reason; that plaintiff then commenced a suit against said Henry Brown, to set aside his said title, and against the Commissioner of the General Land Office, to obtain a patent; and after a full hearing of said matter in our Supreme Court, the title of said Brown was vacated and the Commissioner ordered to make a patent to plaintiff. (See 2 Tex. R. 78.) Plaintiff further alleged that in the mean time the origi-

nal papers were lost, and plaintiff obtained a duplicate; but he had since found the originals and filed them with the Surveyor of the Travis District, the said land lying therein since the division of the counties; that plaintiff had applied to the County Surveyor of said Travis District, James R. Pace, who resides in said county of Travis, and requested that said land be now surveyed for him, on his said application; but said Surveyor declines to make said survey, although plaintiff's certificate has been reported genuine and the surveying fees have been tendered to him. Prayer for mandamus to Pace to show cause, &c., and for general relief. Answer by Pace that on the application of Joseph Rowe, a citizen of Travis county, made on the day of          1848, by virtue of three certificates for 1280 acres each, said land had been surveyed and the field-notes returned to the General Land Office; a copy of said field-notes were filed as part of this answer. Respondent further stated that he was unable to find in his office, any location or survey of said land for plaintiff, and that if any location or survey thereof had ever been made by the Surveyor of Bastrop county, the evidences thereof had never been returned to the office of the Surveyor of Travis District. He could however state, that on the 28th February, 1849, plaintiff filed in his office his headright certificate, having indorsed thereon a memorandum which plaintiff claims as a location of the land in controversy, and made application for a survey thereof; which survey respondent refused to make, as it conflicted with the surveys theretofore made for Joseph Rowe, as aforesaid. Respondent, in compliance with the requisition of plaintiff, returned a copy of the papers filed in his office by plaintiff; from which it appeared that indorsed on Horton's certificate was the following memorandum: "Located one league of land on the San Antonio Road, Guadalupe east side, being league No. 1, this 19th February, 1838. B. Sims, County Surveyor of Bastrop." Respondent also filed as part of his answer copies of the field-notes of the surveys made for Rowe, and prayed judgment of the Court, whether he should proceed to make the survey.

At Spring Term, 1849, Morgan C. Hamilton, assignee and owner of the surveys stated and set forth in the Surveyor's answer, moved the Court that he be made party defendant in this case, which was allowed by the Court, and four months were allowed him to file his answer. Hamilton filed his answer, however, on the 5th of April, 1849. It contained a general de-

murrer, and "for further objection and exception," that the Court had no jurisdiction, for that the land lay in Guadalupe county; that plaintiff had no right to pursue said form of action against the Surveyor of Travis District, to compel him to survey said land, for this that said plaintiff alleges that he has a survey of the same, made by the Surveyor of Bastrop county. Said answer also contained a general denial; and pleaded specially, that Hamilton was the owner of the certificates and field-notes made for Rowe, copies of which field-notes were attached to the answer of Pace herein; that plaintiff ought not to have judgment awarding a peremptory mandamus to the said James R. Pace, to compel him to survey said land for plaintiff, because he says, 1st. That the locations and surveys made for Rowe, and by him transferred to this defendant, were valid and legal, and vested in this defendant the exclusive right to said land. 2d. That at the time of Rowe's application, there had been no survey of said land for plaintiff, nor any application, on file in the proper Surveyor's office, by said plaintiff, to have said land surveyed for him. 3d. That if any application for a survey of said land, was made by plaintiff in 1838, as alleged, it was informal, indefinite, and so uncertain that no specific piece of land was thereby designated. 4th. That said application (if made at all) was not made in conformity to law, in this, that said land was on a navigable stream, and said pretended application was for more than twice the front which is and was at that date, allowed by law, there being nothing to prevent the plaintiff, at that time, from having the full quantity of his said league and labor by confining his said pretended application to one-half of the square of said league and labor on said river. 5th. That if any such application was made, it was not registered nor recorded, as required by law, in the proper Surveyor's office; and if the said headright certificate was ever filed in the office of the Surveyor of the Land District in which said land lies, the same was subsequently taken from said office by said plaintiff, and had been long absent from said office, and nothing left on file therein touching the said location. 6th. That if any such application was made by plaintiff, the length of time which was allowed to intervene between the same and the applications made by the said Joseph Rowe, was an abandonment of said location. Wherefore said defendant says the said plaintiff ought not to have and maintain his aforesaid action, or have judgment for mandamus as prayed for in his said petition. Wherefore he prays judg-

ment for costs, &c. Then followed the judgment of the Court, upon the facts agreed upon by the parties, to the effect that the peremptory mandamus be refused; that Horton take nothing by his suit; that defendants go hence without day; and that Pace and Hamilton recover from said plaintiff all costs by them in this behalf expended, for which execution should issue. Notice of appeal by plaintiff. Then followed the appeal bond, and statement of facts. In the agreement of facts, which was in part a statement of evidence rather than of facts, Hamilton withdrew his objection to the jurisdiction of the Court. Then followed the assignment of errors, which was in general terms; and the mandate of the Supreme Court, from which it appeared that the judgment was affirmed on the 2d December, 1852. (See 9 Tex. R. 81.) It was admitted that the parties Hamilton and Horton were the same in both suits.

*Oldham & Marshall, Brewster & West, I. A. & G. W. Paschal,* and *W. E. Jones,* for appellant.

*A. J. Hamilton,* for appellee.

WHEELER, J. The principal question upon which the case was decided in the Court below, and the question upon which its decision in this Court depends, is as to the effect of the former judgment, pleaded by the plaintiff in bar of the defendant's right. That judgment was rendered in a proceeding upon an application by Horton to the District Court of Travis county for a peremptory mandamus to the Surveyor to survey the land for him. The Surveyor controverted the right of the plaintiff to require him to make the survey; and one of the grounds of objection was that there had been a previous survey of the land for one Rowe. Hamilton, without having been made a party to the proceeding by the service of process upon him, or otherwise, came into Court and filed an answer to the petition for mandamus, objecting various grounds of insufficiency in the petition as a reason why a mandamus should not issue, and claiming that he is entitled to the land by virtue of the certificate and survey made for Rowe. The Court upon the hearing refused the mandamus and dismissed the proceeding. Was this an adjudication upon the merits of the title as between these parties? We think clearly not. A mandamus is not the mode of trying title to land. It is only

where the right or title is not litigated, or has been adjudicated, that the party may proceed by mandamus against the officer. (Comm. of the Gen'l L. O. v. Smith, 5 Tex. R. 471.) Hamilton was not properly a party to the proceeding by mandamus. He had not the right to make himself a party for the purpose of putting the title in issue in that case. His intervention could not convert the proceeding against the Surveyor into an action against the petitioner of trespass to try title. That action must have been brought in the county where the land lay, against the tenant in possession. (Ib.) A party to the suit, in the sense in which that term is applied to a former judgment pleaded in bar, is one who is directly interested in the subject matter, and had a right to make defence, or to control the proceedings. (1 Greenl. Ev. Sec. 523.) Hamilton had no such right; he was not a party to the proceeding in that sense. To render the judgment conclusive upon those who are properly parties to it, it is essential that its operation be mutual. Both the litigants must be alike concluded, or the proceedings cannot be set up as conclusive upon either. If a mandamus had been awarded, it would not have concluded the right of Hamilton; because his title was not the subject matter of the litigation; that was the right of the plaintiff to a peremptory mandamus; and however decided, it could not affect the ultimate right of Hamilton, if his was the better right to the land.

The principle upon which judgments are held conclusive upon the parties, requires that the rule should apply only to that which was directly in issue, and not to everything which was incidentally brought into controversy during the litigation. (Id. Sec. 528.) The rule applies only to what was directly in issue and determined by the judgment; and it must have been a decision upon the merits. (Id. 29, 30.) There was no decision upon the merits of the title, as between these parties. It cannot be pretended that the mere refusal of the Court to make the rule absolute, for a mandamus, was an adjudication upon the merits of the title or ultimate right of either of the parties. One of the grounds of objection interposed by Hamilton to the mandamus was, that the Court in Travis county had not jurisdiction, because the lands were situated in another county. Another was, that the applicant showed by his petition, that he already had a survey of the land; that, consequently, there was no necessity for a survey; and that was one of the grounds on which the judgment refusing a mandamus was affirmed by this

Court. (Horton v. Pace, 9 Tex. R. 81.) The refusal to award a mandamus manifestly was not an adjudication upon the merits of the title, and the judgment, consequently, is not conclusive upon either party, upon the question of title. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.