AMERICAN FREEHOLD LAND MORTGAGE COMPANY v. ALLAN MACDONELL ET AL.

No. 876. Decided March 5, 1900.

1. **Judgment—What Is Concluded—Matters of Inference.**

A judgment concludes the parties thereto only as to matters directly in issue, and not as to collateral issues or matters of inference from others directly decided. (P. 405.)

2. **Same.**

A judgment for defendant in trespass to try title, on the ground that plaintiff (who claimed under a sale by a trustee after death of the makers of the deed of trust) had shown no title, did not establish against the plaintiff, by inference from such finding, that the property then belonged to the estate of one of the makers of the deed and not to a third party. (Pp. 404, 405.)

3. **Judgment—Probate Court—Who Bound.**

A creditor of an estate holding a mortgage on land transferred by order of the probate court to one assuming payment of the debt can enforce payment and foreclosure against the party so assuming the debt by suit in the district court; he is not bound by a subsequent judgment in the probate court by which it is attempted to shift the title back into the estate, without his consent, after the time for establishing his mortgage there has expired. (Pp. 405, 406.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Suit was brought by the mortgage company against Macdonell and others for debt and foreclosure of a deed of trust. The foreclosure was granted as to a part only of the land, and the company appealed and on affirmance obtained writ of error.

*Geo. C. Altgelt,* for plaintiff in error.—The compromise between the estate of C. M. Macdonell, deceased, and T. C. Sheldon, relating to the partnership affairs of T. C. Sheldon & Co. with the administrator's sale to Sheldon of the lands subject to plaintiff's deed of trust, was not void

nor subject to collateral attack; but passed all the title of the intestate, C. M. Macdonell, to the purchaser, Sheldon, with the obligation on the part of Sheldon, as part of the purchase money, to pay the debts specified in the administrator's deed, but did not further affect plaintiff's lien. Brockenborough v. Melton, 55 Texas, 493; Lindsay v. Jaffray, 55 Texas, 629.

The District Court erred in overruling plaintiff's third special demurrer to all that portion of defendant's first amended original answer which pleads the proceedings and judgment had in the Circuit Court of the United States as res adjudicata, because it appears from said answer that the attempted foreclosure of said deed of trust by trustee's sale was void and not binding on plaintiff, and because it further appears from said answer that the pretended sale by the substitute trustee, Ross, was held by said judgment to be unauthorized, and that no title passed thereby. Converse v. Davis, 90 Texas, 462; Teal v. Terrell, 48 Texas, 508; Philipowski v. Spencer, 63 Texas, 604; Horton v. Hamilton, 20 Texas, 606; Freeman v. McAninch, 87 Texas, 533; 2 Storey's Eq. Jur., 1573; Lansing v. Eddy, 1 Johns. Ch., 49; Simpson v. Hart, 1 Johns. Ch., 98; 1 Greenl. on Ev., 523-528.

The parol evidence offered was incompetent to prove that Allan Macdonell had incurred the liabilities and made the obligations sued upon not as an individual, but in fact as administrator of said estate of C. M. Macdonell, deceased, and such parol evidence was incompetent to vary Allen Macdonell's obligations by showing that he incurred said obligations in his representative capacity, and was incompetent to vary written contracts.

The attempted compromise with Sheldon and reconveyance to Macdonell could not prejudice the appellant (plaintiff) in its remedy against said Allan Macdonell, upon his assumption of plaintiff's mortgage debt, undertaken by him in his individual name, because it appears from the testimony that administration upon said estate was granted November 24, 1888, and said reconveyance to Allan Macdonell was made July 6, 1893, more than twelve months after the grant of said administration, and after the time had elapsed in which plaintiff might have presented its claim and deed of trust for allowance and approval and enforcement through the County Court.

The reports of Allan Macdonell, administrator, affirming that he had purchased said lands from Thomas C. Sheldon for the use of the estate, and in disparagement of his title, after he had individually assumed to pay off incumbrances upon the lands, was not admissible in evidence, because there was no previous order of the County Court authorizing said administrator to make such a settlement with Thomas C. Sheldon, and because Allan Macdonell had previously, by his obligation in writing of June 23, 1893, individually obligated himself to pay off plaintiff's debt, and had recognized plaintiff's deed of trust, and could not, by putting said property back into the estate of C. M. Macdonell, deceased, require plaintiff to pursue its remedy in the County Court, because said

County Court, by approving the administrator's sale of said property to T. C. Sheldon, had exhausted its jurisdiction over the same, and could not order a second sale of said property.

The action of the County Court approving the acquisition of the property to the administrator and requiring him to list the same as assets of the estate was without jurisdiction as to plaintiff, and void as to plaintiff's deed of trust upon said property, because plaintiff's debt, secured by deed of trust, had been assumed by Allan Macdonell individually.

The District Court erred in excluding from the testimony the agreement of counsel, filed in this cause, wherein it was agreed that Judge T. S. Maxey, before whom the suit of Graham v. Macdonell was tried without a jury, would testify that he held that plaintiff would acquire no title under the sale made by the substitute trustee, T. D. Ross, because both said grantors in the deed of trust were dead at the time of the sale by T. D. Ross, subsitute trustee, to Graham, and he accordingly rendered judgment for defendants, which agreement is fully set out in plaintiff's bill of exceptions number 4. 2 Van Fleet on Collateral Attack, 843; Russell v. Place, 94 U. S., 606.

The District Court erred in limiting the foreclosure of plaintiff's lien to one-half interest in the lands described in plaintiff's deed of trust, and in refusing plaintiff a foreclosure as to the remaining half interest in said lands.

*Upson & Newton* and *W. W. King,* for defendants in error.—The District Court did not err in overruling plaintiff's second special demurrer to all that part of defendant's amended original answer pleading as res judicata the presentation of plaintiff's claim to the administrator, and the adjudication thereon of the County Court of Webb County, because it appears from said answer that at the time of said adjudication the whole of said property belonged to the estate of C. M. Macdonell, deceased. Mayers v. Paxton, 78 Texas, 196; Fisher v. Wood, 65 Texas, 199; Rev. Stats., art. 2137.

The District Court did not err in overruling plaintiff's third special demurrer to the defendant's answer pleading the judgment of the Circuit Court of the United States as res judicata, because it appears from said answer that the said Circuit Court not only adjudicated the fact that the trustee's sale made by Ross was unauthorized, but also adjudicated the facts, that, at the time of the sale of the land belonging to the estate of C. M. Macdonell, plaintiff's claim, not being presented within twelve months after opening of administration, lost its lien, and that the decree of the probate court of Webb County, proving plaintiff's claim as of the fifth class, was a final judgment.

The court did not err in permitting Allan Macdonell to testify that the property described in plaintiff's deed of trust was conveyed to him for the benefit of the estate of C. M. Macdonell, deceased; and that he held title to the same for said estate, and that the consideration for said

conveyance was paid by said estate, for the reason that parol evidence is always competent to engraft a trust.

The court did not err in excluding from the testimony the agreement of counsel that Judge T. S. Maxey would testify that in rendering the decision of the case of Graham v. Macdonell he only passed upon the issue of the invalidity of the trustee's sale by reason of the makers being dead, because said testimony tended to contradict the record. Freeman v. McAninch, 87 Texas, 132; Oldham v. McIver, 49 Texas, 572; Bledsoe v. White, 42 Texas, 136; Reast v. Donald, 84 Texas, 651.

The judgment rendered in the United States Circuit Court in an action to try title, brought by Benjamin Graham against Allan Macdonell, administrator, is res adjudicata to an action brought by plaintiff to foreclose a lien against purchasers from said administration. Orcutt v. Orms, 3 Paige Ch., 459; Emmel v. Hayes, 12 S. W. Rep., 521; Chouteau v. Gibson, 76 Mo., 38; Preston v. Rickets, 91 Mo., 320; McCampbell v. McCampbell, 15 Am. Dec., 48; Kirk v. Hamilton, 102 U. S., 78; Simmons v. Wagner, 101 U. S., 262; Dickerson v. Colgrove, 100 U. S., 583; Wells on Res Adjudicata, sec. 423.

The District Court should have rendered judgment in favor of Daniel Milmo and Albert Urbahn for all the land in controversy. Rev. Stats., arts. 2068, 2082, 2085; Parker v. Portis, 14 Texas, 165; Behrns v. Rogers, 40 S. W. Rep., 419; Weir v. Smith, 62 Texas, 1; Easterling v. Blythe, 7 Texas, 210.

In the Freeman case, Judge Stayton lays down the rule that to determine what issues were involved in a cause the record must be consulted. And he says, "an issue is the question in dispute between the parties to an action, and in the courts of this State that is required to be presented by pleadings." It is likewise an elementary rule that a general verdict for the defendant determines every issue in his favor, and it necessarily includes the finding in his favor of every material fact well plead touching his right to the relief sought. Hamilton v. Rice, 15 Texas, 385. So, it therefore follows that the judgment of the United States Circuit Court in the case of Graham v. Macdonell conclusively settled and determined in favor of the estate of Macdonell the following issues of law and fact: that the lien given the mortgage company was lost by the failure to present the same within twelve months; that the judgment of the probate court disallowing the lien was final; that the property belonged to the estate of C. M. Macdonell, deceased; and that the power to sell by the trustee was revoked by the death of the makers of the deed of trust; therefore all of these issues having been litigated and determined in a former suit, none of them can be again raised in a suit between the same parties or privies involving the same subject matter. There is no difference between the suit in the Federal court and the one at bar, except in the form of the action. The first suit was an action of trespass to try title, based upon the lien given in the deed of trust, while the suit at bar is one to foreclose that lien.

Plaintiffs in error do not deny that evidence was submitted on each and every one of the issues raised by defendant's pleading. They claim that the court in its decision determined only the issue of the right to sell under the trust deed, the makers being dead. In order for the court to have decided this issue, it must necessarily have decided, also, the issue that the property belonged to the estate of C. M. Macdonell, and did not belong to Allan Macdonell individually. For if the property in controversy did belong to Allan Macdonell individually, then, according to the authorities furnished by appellant, and as to the correctness of which we do not take issue, the trustee would have had the power to sell notwithstanding the death of the makers of the trust deed; therefore the conclusion can not be resisted that the Circuit Court decided that the ownership of the property at the time of the sale by the trustee was in the estate of C. M. Macdonell, deceased, and not in Allan Macdonell individually. The decision of the Circuit Court would not only have been erroneous, but without any meaning or effect in the absence of a decision first determining who owned the land at the date of the sale by the trustees. The decision upon this issue was a necessary prerequisite to the judgment which was rendered. The fact that the decision of the Circuit Court, in holding that the property belonged to the estate of C. M. Macdonell, might have been erroneous and not supported by the evidence, can furnish no grounds for attacking it collaterally or avoiding its binding force and effect when plead in bar.

BROWN, Associate Justice.—On June 28, 1888, C. M. Macdonell and Thomas C. Sheldon executed and delivered to a trustee a deed of trust upon the lands described in the plaintiff's petition to secure the payment of their note for $22,000 to the plaintiff in error. The note was payable June 1, 1893, with notes attached for the semi-annual interest. C. M. Macdonell died November 24, 1888, and, during the same year, Allan Macdonell was appointed administrator upon his estate. May 29, 1889, Allan Macdonell, as administrator of the said estate, under an order of the County Court of Webb County, conveyed to Thomas C. Sheldon the entire interest of the estate in the lands in controversy, subject, however, to the lien of the deed of trust before mentioned, the payment of which was assumed by Sheldon, and also the sum of $20,000 was to be paid to the administrator of the estate, for which a vendor's lien was reserved in the deed and a mortgage was given upon the whole land, including the interest of Sheldon, to secure the performance of that obligation. This placed the title to all of the lands embraced in the deed of trust in Thomas C. Sheldon, who, joined by his wife, conveyed it to Allan Macdonell in July, 1893. In consideration of the conveyance of the land, Allan Macdonell bound himself in a written obligation to pay to the estate of C. M. Macdonell the unpaid balance of the $20,000 of purchase money for the half interest bought by Sheldon from the estate of C. M. Macdonell, and to pay to the plaintiff in error the $22,000 debt due to it from Sheldon and C. M. Macdonell; also to

pay to the State of Texas $7424, due on school lands, and to release Sheldon from liability for $2000 paid for him, Allan Macdonell, as guarantor.

August 22, 1893, the mortgage company presented its claim, duly authenticated, to the administrator of C. M. Macdonell for allowance, which was duly allowed by the administrator, and, on October 17, 1893, was approved by the County Court, being classified in the fifth class. On May 27, 1895, the mortgage company filed in the County Court of Webb County application for an order directing the administrator of C. M. Macdonell's estate to foreclose the lien and sell the land embraced in the deed of trust before named, but the application was subsequently withdrawn by the consent of the court without action thereon.

Thomas C. Sheldon died at some date not shown in the transcript, and, after his death, on the 6th day of October, 1895, the trustee named in the deed of trust being dead, one Ross was appointed substitute trustee and sold the land, which was bid in for the sum of $6000 by Benjamin Graham for the mortgage company. At the time of this sale, Sheldon and C. M. Macdonell were both dead, but the title appeared to be in Allan Macdonell.

October 23, 1895, suit for the land was instituted in the Circuit Court of the United States at San Antonio, Texas, in the name of Benjamin Graham against Allan Macdonell, as administrator of the estate of C. M. Macdonell, and in his own right. That suit was instituted and prosecuted for the benefit of the mortgage company. Upon trial, judgment was rendered for the defendants, in which it is stated that the court "is of the opinion that plaintiff has proven no cause of action." The case was appealed to the Circuit Court of the United States, sitting at New Orleans, and affirmed.

On March 10, 1896, Allan Macdonell reported to the County Court of Webb County that the conveyance taken to himself from Thomas C. Sheldon for all of the land named in the deed of trust was for the benefit of the estate of C. M. Macdonell, and that the consideration was paid by him as administrator of the said estate, asking the court to take charge of the land as the property of said estate, and after due notice given according to law, the court entered an order directing the administrator to take up the said property. October 20, 1896, Allan Macdonell resigned as administrator, and on the same day A. B. Frank was appointed administrator de bonis non of the estate of C. M. Macdonell, deceased, and there being then pending an application for the sale of all the property of the estate, the court entered an order directing it to be sold, which was done by the administrator, it being purchased by defendants in error, Milmo and Urbahn. The sale was confirmed and deed made according to law.

The American Freehold Land Mortgage Company instituted this suit in the District Court of Webb County on the 22d day of January, 1897, against Daniel Milmo, Albert Urbahn, A. B. Frank, S. Lavenberg, and Allan Macdonell, to recover of the last named upon his agreement to

pay the several notes given by C. M. Macdonell and Thomas Sheldon, secured by the deed of trust before stated, aggregating the sum of $22,-000 besides accrued interest, and seeking to foreclose the deed of trust originally executed by C. M. Macdonell and Thomas C. Sheldon upon the land described in the petition. The District Court entered judgment against Allan Macdonell for the amount of the several notes and interest unpaid thereon, with 12 per cent interest per annum from the date of that judgment, finding that the deed of trust made by Macdonell and Sheldon upon the land described in the petition was valid and foreclosing it upon the undivided one-half interest of Sheldon, but refusing to foreclose the said deed of trust upon the half which once belonged to C. M. Macdonell. The judgment of the District Court was affirmed by the Court of Civil Appeals.

The facts in this case show beyond controversy that the plaintiff in error is entitled to recover of Allan Macdonell its debt and interest and to have the lien and its deed of trust foreclosed as to all of the defendants in error, unless one or both of the following propositions presented by the defendants in error be correct:

1. It is claimed that the judgment of the Circuit Court of the United States, in the case of Graham v. Allan Macdonell et al., in which Graham sued to recover the land in controversy in an action of trespass to try title, constitutes a bar to this action.

2. It is claimed by the defendants in error that the deed from Thos. C. Sheldon and wife to Allan Macdonell and the order of the probate court upon the report and application of Allan Macdonell vested the title to all of the land in the estate of C. M. Macdonell, deceased, and that foreclosure upon the land and the enforcement of the debt could not be had except in the County Court in the course of administration of that estate.

In an action of trespass to try title, brought by Graham for the use of the mortgage company against Allan Macdonell and the other defendants in error in the Circuit Court of the United States, judgment was rendered in favor of the defendants for the reason, stated in the judgment,—that the plaintiff had not proved a "cause of action." The petition in that suit contained the allegations usual in trespass to try title, and in addition set up specially the making by C. M. Macdonell and Thos. C. Sheldon of the deed of trust upon the lands described, and the death of the trustee, the appointment of a substitute trustee, and the sale by him under the deed of trust at which Graham purchased the property and received a deed. It was alleged that C. M. Macdonell had died, his estate was administered upon by Allan Macdonell, and that the County Court of Webb County ordered the administrator to sell the property to Thos. C. Sheldon upon terms named in the order, which was done by the administrator and the land was conveyed to Thos. C. Sheldon, which action was approved by the County Court in accordance with article 1987, Revised Statutes. It was alleged that Thomas C. Sheldon conveyed the property to Allan Macdonell by a deed in which the

latter assumed and agreed to pay the debt due to the mortgage company from C. M. Macdonell's estate and Thos. C. Sheldon; also $20,000 which Sheldon had agreed to pay the estate for C. M. Macdonell's interest in the land, besides other sums not necessary to mention; and that Allan Macdonell entered into a separate written obligation in which he bound himself to pay the said sums to the different parties. The defendants pleaded the facts generally as stated in the petition and claimed that the conveyance from Sheldon to Allan Macdonell was for the benefit of the estate of C. M. Macdonell; that it was approved by the County Court of Webb County and vested the title in the estate; that at the time of the sale under the deed of trust, both of the makers were dead and the said sale was void. The issue joined was distinctly that the sale made under the deed of trust upon which the plaintiff's title depended was a nullity, which was decided against the plaintiff and is binding upon all parties to that suit, but it does not conclude investigation into any collateral issue or matter of inference arising in the course of that proceeding. James v. James, 81 Texas, 380; Oldham v. McIver, 49 Texas, 570; Philipowski v. Spencer, 63 Texas, 606; Horton v. Hamilton, 20 Texas, 606. The Court of Civil Appeals properly held that the judgment pleaded constituted no bar to this action.

Before the year expired after the grant of letters of administration upon the estate of C. M. Macdonell, within which the mortgage company might have presented to the County Court of Webb County its claim against the estate of C. M. Macdonell and might have established the lien upon the land, that court, upon the application of Allan Macdonell, authorized and directed him, as administrator of the said estate, to make a compromise with Thomas C. Sheldon, whereby the administrator should sell to Sheldon the interest of the estate of C. M. Macdonell in the land embraced in the deed of trust for the sum of $20,000, and upon a further consideration that Sheldon would assume and pay the indebtedness of the estate to the mortgage company upon the note secured by the deed of trust on the land conveyed. The conveyance made to Sheldon passed the title to the land out of the estate of C. M. Macdonell and beyond the jurisdiction and control of the County Court. The sale and conveyance from Thos. C. Sheldon to Allan Macdonell and the promise of the latter to pay the debt vested in the mortgage company and Sheldon a right to enforce the debt against Allan Macdonell and the land superior to the lien reserved in favor of C. M. Macdonell's estate, and, by the proceedings in the County Court, the administrator could not rescind the sale to Sheldon without the consent of the latter and of the mortgage company.

The separate obligation of Allan Macdonell clearly expresses his individual liability for the debts named; the conveyance of the land was made to him personally; they are not open to explanation by parol testimony nor to interpretation by the court. It is not necessary for us to determine whether the proceedings in the County Court vested title to the land in the estate of C. M. Macdonell as between it and the ad-

ministrator, but it is clear that such proceeding could not divest the mortgage company of its right of action against Allan Macdonell nor of its right to foreclose the deed of trust by suit against him and all other parties who might claim adverse interest in the land.

The facts in this case show that Allan Macdonell took and held the title in his own name until nearly three years after the transaction, and after suit had been filed in the United States Circuit Court for the recovery of the land,—the time for establishing the lien in the course of administration having expired,—he sought by an ex parte proceeding to shift liability to the estate and to restore the land to the control of the County Court. To permit Allan Macdonell, by shifting the matter from one jurisdiction to another, and into and out of the same court, to destroy the lien upon the land and defeat the collection of the debt, would discriminate against the fair and orderly administration of the law. We are of opinion that the American Freehold Land Mortgage Company of London, Limited, is entitled to recover of Allan Macdonell the debt, interest, and attorney's fees upon the note sued on and to foreclose the lien of the deed of trust upon all of the land described therein as against all of the parties to this suit, and it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that judgment be here rendered in accordance with this opinion.

*Reversed and rendered.*