**SUMNER et ux. v. VOLUNTEER STATE LIFE INS. CO.**

No. 1605.

Court of Civil Appeals of Texas. Eastland.

Dec. 4, 1936.

Rehearing Denied Jan. 15, 1937.

Lockhart & Brown, of Lubbock, for appellants.

Davidson & McMahon, of Abilene, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order of the district court of Taylor county overruling

a plea of privilege filed by O. W. Sumner and wife to be sued in Lubbock county.

The Volunteer State Life Insurance Company instituted this suit June 5, 1935, in Taylor county, against said Sumner and wife on certain promissory notes executed by them and secured by a deed of trust on lands in Lubbock county.

The appellants filed their plea of privilege and the appellee controverted same, claiming venue of the suit to be in Taylor county in that the notes sued upon were expressly, by their terms, made payable in Abilene, Taylor county, Tex. The third paragraph of the controverting affidavit contains explanatory allegations relating to a suit and judgment in the district court of Lubbock county, Tex., wherein the Sumners instituted suit in trespass to try title against the insurance company and recovered the land here involved on the ground that a trustee's deed to the company was void. The original contract was held to be usurious, and the application of such interest to the notes due and becoming due relieved the Sumners from any default in meeting the principal sums of their loan.

The nature of the instant suit is reflected by a statement in chronological order of the facts and circumstances involved in the Lubbock county suit, as well as this one. That suit will be referred to as the Lubbock county suit.

The insurance company held and owned the Sumners' notes which were secured by deed of trust upon said land in Lubbock county. The notes were payable, under the terms of the loan contract, at Abilene, Taylor county, Tex. By reason of default in the performance of some of the provisions of the loan contract, the insurance company, under and by virtue of the deed of trust, advertised and sold the land in controversy, bought it in about January 5, 1933, and received from the trustee a deed thereto.

Thereafter, on January 28, 1933, the Sumners instituted in the district court of Lubbock county a suit in trespass to try title against the insurance company, and in seeking to cancel the trustee's deed to the company they alleged that the original loan contract evidenced by the notes and the deed of trust was usurious, and that, if such interest payments made by them had been legally applied to the notes held by the company, there would have been no default on their part at the time the land was sold under the deed of trust, and that

such sale was therefore premature and the deed made pursuant thereto void.

In the Lubbock county suit the Sumners filed their first amended original petition (on which trial was had) on September 15, 1933. In answer to the Sumners' suit, the insurance company entered a general denial, plea of not guilty, and filed a cross-action in trespass to try title to the same property, pleaded its title by special muniments, and alleged ownership through the trustee's deed. It denied any vice of usury in the loan contract. The Lubbock county case was tried October 26, 1933, and on the issue of usury there was a finding adverse to the insurance company. The judgment abated interest and applied previous usurious interest payments to the principal of the notes in the order of their due dates, and canceled the trustee's deed, thereby holding the foreclosure under the deed of trust premature.

Other parts of that judgment pertinent to the issues before us, and which will be hereinafter referred to, are as follows:

"(d) * * * That said notes were valid obligations against the plaintiffs for the principal amounts therein stated, but were void as to the interest. * * *"

"(e) * * * It is therefore ordered, adjudged and decreed by the court that the plaintiffs O. W. Sumner and wife Edna Sumner do have and recover of and from the defendant the Volunteer State Life Insurance Company of Chattanooga, Tennessee, title and possession of the land and premises sued for and being more particularly described as follows: * * *subject, however, to the deed of trust lien expressed in the first deed of trust dated November 25, 1929, by plaintiff O. W. Sumner to James F. Holliday, trustee * * * to secure the payment of the following indebtedness described in said deed of trust and evidenced by the first lien notes Nos. 4, 5, 6, and 7 in evidence in this case [same notes involved in the instant suit] all of which above described notes are hereby abated as to interest until after the respective due dates thereof. * * *"

"(e) * * * It appearing to the court that O. W. Sumner and wife Edna Sumner have offered to do equity in the premises and have tendered and offered to pay to the defendant all sums of money which the court may determine to be legally due the defendant when such sum shall accrue, but that the defendant has refused to accept the payments as herein determined to be

due and has given notice of appeal from this judgment; it is therefore ordered by the court that the plaintiff O. W. Sumner and Edna Sumner pay into the registry of this court on or before the due dates of the notes hereinabove described, the amount of such notes as hereinabove determined, and that such payments when made shall operate as a discharge and satisfaction of such notes; and that such sums shall be by the clerk of this court paid over to the defendant upon its acceptance of such payment and surrender of such notes accompanied with a release thereof sufficient in law, to be approved by the court."

The insurance company appealed from said judgment, but the same was affirmed by the Court of Civil Appeals [74 S.W.(2d) 319], and writ of error was refused.

It is appellants' contention that the provisions of the above judgment (the second excerpt from paragraph e) relating to place of payment supersedes the provisions with reference to the place of payment contained in the contract, and that the judgment fixes the venue of any subsequent suit upon the contract in Lubbock county, Tex.

This position, it would seem, is tantamount to a concession by the Sumners that the contract is still performable in Taylor county, unless the Lubbock county judgment supersedes the provisions of the contract fixing the venue in Taylor county.

Another contention of the appellants is that the effect of the above judgment of date October 26, 1933, is to bar any lien which had theretofore accrued upon said land in favor of the appellee, other than the deed of trust lien to secure the payment of the indebtedness specifically set out therein. This contention addresses itself to the following basic facts underlying the instant suit, namely, that during the year 1933, between May 31 and September 7 (while the Lubbock county suit was pending, and prior to judgment therein on October 26, 1933), the insurance company paid delinquent taxes on the property described in the deed of trust to the amount of $172.-67, that in January, 1933, said company paid, before same became delinquent and without request from the Sumners to do so, taxes for the year 1932, amounting to $113.60. These items were not set up, nor claimed by the insurance company by way of a cross-action when it resisted the right of recovery by the Sumners in the Lubbock county case. These facts are important be-

cause it is claimed by the appellee that the payment of these taxes, and the failure of the appellant to reimburse it for same on demand, gives it the optional right to declare all the debt due and fixes the venue of this suit in Taylor county, Tex.

As stated, the appellee denied the charge of usury and asserted the validity of the trustee's deed. The scope and legal effect of the company's pleadings in the Lubbock case according to its contentions here is succinctly stated by the following sentence taken from appellee's brief: "Particular attention is directed to the fact that the Volunteer State Life Insurance Company in its answer and cross-action sought no adjudication of its debt and did not seek a foreclosure of its lien."

It is obvious from the date of the Lubbock county judgment that, at the time the issues of that suit were tried and resulted in a judgment in favor of the Sumners, the insurance company had already paid these taxes, and was entitled to reimbursement. Said items or elements were not injected by the company into the trial of the Sumner case by any character of pleading. The company confined its defense in that case to the issues presented by the plaintiff's pleadings, and devoted its cross-action in trespass to try title to an effort to uphold the trustee's deed on the ground that the contract was free from usury and the lien properly foreclosed. In other words, the appellee seems to have refrained from incorporating in its answer and cross-action in the Sumner suit any pleading which would have had the effect of invoking the jurisdiction of the Lubbock district court to adjudicate its debt or right to foreclose its lien. It is the appellee's contention that it had a right, in meeting the issues in the Sumner case, to preserve to itself the right to have all issues pertaining to its loan contract litigated in the court of the county in which the contract was performable; namely, Taylor county.

On the other hand, the appellants call attention to the Lubbock judgment, especially that part of it decreeing that the insurance company "take nothing by its cross-action," and cites article 7391, R.S.1925, on the conclusive effect of a judgment "in any action for recovery of real estate." Such judgment being conclusive as to the "title or right of possession," it is the appellants' contention that it became the appellee's duty, if it desired the preserva-

tion to it of any liens not disclosed by plaintiff's petition in the Lubbock case, to set up such liens and ask the court, in the event judgment was for the plaintiffs (Sumners) in that case, to preserve to it such liens as, for instance, the lien in its favor for paying said taxes. The appellants suggest that, if the insurance company (in the Lubbock suit) had alleged the existence of such lien (one for the payment of taxes) and introduced evidence in support of its claim, the Lubbock district court could and would have preserved the lien to it, but, having failed to do so, any such lien is forever barred by the judgment of that court, and can in no respect form the basis for the instant suit in Taylor county, either as to the merits of the case, or on the issue of venue; that consequently there is no basis for the appellee's declaring the indebtedness due and payable in Taylor county; that the venue of the suit properly and exclusively belongs in Lubbock county, perforce the judgment in that case.

The appellants' main contention on this appeal is based upon the provisions of article 7391, supra, and the general principle of law expressed in 26 Tex.Jur. p. 298, § 492, to the effect that a judgment in favor of either plaintiff or defendant rendered on the merits is conclusive of all adjudicated claims to the land that were or could have been set up by his adversary. For the reasons following, we do not think it applicable to the facts of this case. In other words, we do not believe that the fact that the taxes in question were paid by the appellee prior to the time of the filing by the Sumners in the district court of Lubbock county of their first amended original petition results in that judgment becoming res adjudicata of the appellee's right to recover said taxes, enforce its lien therefor, and accelerate the payment of the remainder of the debt on appellants' failure on demand to repay same.

In view of the above pleading by each litigant, was the judgment rendered thereon res adjudicata of the amount of the indebtedness then owing by the Sumners to the insurance company? It is true that the amount of indebtedness due the company, including the amount paid for taxes, could have been set up and litigated in the Lubbock suit, but it does not follow that the company is barred from subsequent recovery of the items omitted and involved in this suit. The well-recognized general rule that a judgment for plaintiff or defendant becomes res adjudicata of all claims that "could have been set up by his adversary," etc., has no application here. The applicable rule is stated in 26 Tex.Jur. 137, § 419, as follows: "The statement that a judgment is conclusive of every matter which the parties might have litigated is very broad, and courts and text-writers alike have often found it necessary to make certain modifications therein. What is really meant is that a judgment is conclusive of all matters, both offensive and defensive, which properly belong to the cause of action tendered by the petition of the plaintiff * * *. Nor does the rule require the defendant to interpose counter-claims, cross-bills and equitable defenses that have no direct relation to the cause of action stated in the petition."

Many cases are cited supporting the rule given by the text.

The appellee's rights based upon payment of taxes, and the appellants' refusal, upon demand, to repay the same, and its right to accelerate the payment of the whole indebtedness as the result of such refusal, being amply provided for in the loan contract, constituted a counterclaim or cross-bill that had no direct relation to the cause of action stated in the petition of the appellants in the Lubbock case. It did not properly belong to the cause of action "tendered by the petition of the plaintiff." The very gist and sole purpose of that suit was to establish the presence of the vice of usury in the contract as the basis for cancellation of the trustee's deed executed pursuant to a premature foreclosure. The appellee confined its answer in that suit to a logical refutation of such claim or attack as advanced by the plaintiffs and went no further.

The above applicable rule is somewhat differently and more fully stated in 26 Tex.Jur. p. 171, § 434, as follows: "It is clear from what has heretofore been said that the rule which requires a defendant to set up all matters of defense which are necessarily involved in the claim or demand presented by the plaintiff's petition does not apply to set offs and counterclaims. On the contrary, it is almost axiomatic that while the defendant is entitled to set up any cross-demands that he may have, his failure to do so will not preclude him from bringing a subsequent suit thereon, because a demand of that nature is not embraced within the cause of action asserted by the plaintiff. * * * This rule, as pointed out by a prominent text-writer, is based upon the principle that

everyone having a right of action should be enabled to try it in his own way and a rule requiring him to litigate it at the option of his adversary might deprive him of the value of it."

That the judgment rendered in said cause, based upon the pleadings above discussed, is not res adjudicata of the lien and indebtedness asserted by the appellee in the instant case, is, we think, well established by the following authorities: American Freehold Land Mort. Co. v. Macdonnell, 93 Tex. 398, 55 S.W. 737; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 166 L.R.A. 745, 107 Am.St.Rep. 596.

We overrule the appellants' contention to the contrary. It follows that the provisions of the loan contract fixing the venue in Taylor county and conferring the right of acceleration of payment on the failure of the appellants to repay taxes on demand, etc., remained intact after the Lubbock judgment and subject to be exercised on the contingencies alleged and proved.

■ Further, we do not believe the Lubbock county judgment reasonably susceptible to the construction that it altered or superseded any provision of the original loan contract, except the one involving a charge of usurious interest. In granting the Sumners recovery of title and possession of the land in controversy, the decree was made specifically "subject, however, to the deed of trust lien expressed in the first deed of trust * * * to secure the payment of the following indebtedness described in said deed of trust and evidenced by the first lien notes in evidence in this case." An earlier part of the judgment, under section (d), provided "that said notes were valid obligations against the plaintiff for the principal amounts therein stated, but were void as to interest, * * *" etc. This language evidences no intention on the part of the court to alter the legitimate terms of the contract which were not involved in the controversy.

The order for payment of certain sums and notes to the clerk of the district court "on or before the due dates of the notes," etc. is not as comprehensive in its scope as the terms of the loan contract, as, for instance, payment of taxes, etc., and it is not believed that a fair construction of the judgment would give it the effect of superseding or abrogating lawful provisions of the notes and deed of trust, fixing venue in Taylor county. The express terms of the judgment refute the appellants' contention to the contrary. The interpretation here given it relieves the judgment of the charge or fault that it impaired or attempts to impair the legitimate obligations of the original contract.

■ Our conclusions on the points discussed require that the jurisdictional question, involving the contention that the appellee's suit is merely for the sum of $286.27 (taxes paid), and therefore below the jurisdiction of the district court, be resolved in favor of the appellee. The assignment is overruled upon the authority of Clark v. Elmendorf (Tex.Civ.App.) 78 S.W. 538.

■ The gist of our conclusions may be somewhat summarized as follows: The plaintiff's petition declares upon a written contract evidenced by promissory notes and a deed of trust. The loan contract thus evidenced stipulated for performance in Abilene, Taylor county, Tex. The petition and the controverting affidavit predicated venue in Taylor county upon exception 5 to the general venue statute. The written instruments were introduced in evidence. They provided for performance in Taylor county. The essential venue facts under the said exception were fully established by the testimony, and the trial court was warranted in overruling the plea of privilege. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675; Id. (Tex. Civ.App.) 85 S.W.(2d) 1096.

■ The appellants' assignments of error are overruled. The contentions made by the litigants have to some extent involved mentioning matters bearing on the merits of the case. This opinion is not to be construed as passing upon such issues. The merits of the lawsuit, as contradistinguished from the venue facts, are properly for consideration in the final trial on the merits.

For the reasons assigned, the judgment of the trial court is affirmed.