**WHITE v. WHITE et al.**

No. 2297.

Court of Civil Appeals of Texas. Waco.

Feb. 20, 1941.

Rehearing Denied April 17, 1941.

J. S. Simkins and Taylor & McWilliams, all of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

HALE, Justice.

M. M. White, joined by six of his brothers and sisters, instituted this suit in the county court of Navarro county on September 28, 1938, against their brother, S. E. White, individually and as independent executor of the estate of Rachel E. White for the purpose of contesting the validity of the will of their deceased mother theretofore duly admitted to probate. The defendant answered with a plea in abatement, asserting that the matters attempted to be litigated had been finally concluded by reason of prior proceedings had between the same parties in a partition suit in the district court of Navarro County, and, subject thereto, with a general denial. The county court overruled the plea in abatement, but upon a trial on the merits, rendered judgment denying the relief sought by appellees and confirmed its prior order admitting the will to probate. The case was appealed to the district court, where the plea in abatement was again presented and overruled, and upon a trial on the merits the jury found that the deceased did not possess testamentary capacity to execute the will, and furthermore, that the execution thereof was procured by undue influence practiced by appellant. Thereupon the district court rendered judgment cancelling the will and the prior orders of the county court admitting the same to probate, and hence this appeal.

No question is here raised concerning the trial of the case on its merits. The statement of facts contains only the evidence which was adduced upon the hearing of the plea in abatement and the single assignment of error urged by appellant presents for our determination the sole question as to whether the plea was properly overruled. Appellant insists that all matters sought to be determined in this suit were known to appellees during the pendency of the partition suit in the district court, that the parties and the subject matter of both suits were the same, and that if all the issues sought to be determined in this suit were not adjudicated in the partition suit, then such issues could have been so adjudicated, and by reason thereof the final judgment of the district court in the partition suit renders the issues tendered in this case res adjudicata.

Upon the hearing of the plea in abatement, the prior proceedings in the probate court, as well as the pleadings and judgment in the partition suit, were introduced

in evidence. From such pleadings and judgment it appears that on June 2, 1937, appellees instituted suit in the district court of Navarro county against S. E. White for the partition of 169 acres of land, alleging that each of the parties was the owner of an undivided 1/8th interest in said land. On June 11, 1937, appellant filed application in the county court for the probate of his mother's will, and on June 28, 1937, such will was admitted to probate. By the terms of the will all property of the deceased was bequeathed to appellant, who was appointed independent executor without bond. After the will had been admitted to probate, appellant, in his individual capacity, filed his first amended answer in the partition suit, denying that the appellees owned any interest in the land in question and alleging that said land constituted the separate property of his mother and that he had acquired title to said land by virtue of being the sole beneficiary under his mother's will, which had been duly admitted to probate.

Thereafter appellees filed amended pleadings in the partition suit, containing the same statutory allegations as in their original petition and alleging further that the 169 acres of land constituted the community estate of their father, J. M. White, and of their mother, Rachel E. White, and in the alternative, that said property was the separate estate of their father; that their father died in 1917 and their mother died on October 8, 1936, intestate; but they did not allege that no administration was pending on their mother's estate and that no administration thereon was necessary. They also interposed general demurrer and special exceptions to the claims asserted in the partition suit by appellant, and, subject thereto, they alleged facts showing the invalidity of the purported will of their deceased mother theretofore admitted to probate.

Appellant excepted generally to the pleadings of appellees, and specially to the allegations attacking the validity of his mother's will upon the ground that the district court did not have jurisdiction to pass upon the issues thereby raised.

The cause came on for trial on July 27, 1938, at which time the trial court sustained the special exceptions of appellant to the allegations of appellees attacking the validity of their mother's will, but overruled all the other demurrers and exceptions of the respective parties. Upon the conclusion of the evidence the court peremptorily instructed the jury to return their verdict finding that the land involved in the suit was the community property of J. M. White and Rachel E. White, and that the appellees each owned an undivided 1/16th interest and the appellant in his individual capacity owned an undivided 9/16ths interest in the land. The court rendered judgment in accordance with the verdict, and upon his finding that the property was not susceptible of a fair and equitable division, appointed a commissioner to sell the same and deposit the proceeds from such sale into the registry of the court to be divided between the owners in the proportions therein decreed. There was no appeal from this judgment, but it appears that no sale of the property has been made by the commissioner.

It should be noted that the institution and prosecution of the suit from which this appeal arises is specifically authorized by the express provisions of Article 5534 of Vernon's Ann.Civ.Statutes. Furthermore, under the Constitution and laws of this state, original jurisdiction to try the cause of action here asserted is vested exclusively in the county court. Therefore, if the judgment in the partition suit which was originally instituted in the district court could operate under any circumstances as a bar to the prosecution of this suit, then we would be confronted with the anomalous situation of either investing the district court with original jurisdiction not conferred upon it by law or of denying to a litigant the right to try a cause of action expressly authorized by the statutes. It is thought that no such situation is contemplated in the law. Buchner v. Wait, Tex.Civ.App., 137 S.W. 383; Minor v. Hall, Tex.Civ.App., 225 S.W. 784.

While parties and their privies are not entitled to re-litigate matters which have been previously adjudicated by a court of competent jurisdiction, we do not believe the doctrine of res adjudicata has any application to the facts of this case. Certainly, the validity of the will of the deceased was not adjudicated in the partition suit and if any attempt had been made to adjudicate such issue in said cause, the same would have been a nullity because the district court did not have original jurisdiction to determine such issue. Matters which are expressly and properly excluded under the prior proceedings are not res adjudicata in subsequent proceedings even

between the same parties. American Freehold Land Mortgage Co. v. Macdonell, 93 Tex. 398, 55 S.W. 737; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; Freeman on Judgments, 5th Ed., § 675, p. 1424, and § 631, p. 1332. And matters which could not be passed on in the former suit are not res adjudicata under the judgment. Teal v. Terrell, 48 Tex. 491; Seitz v. McKenzie, 4 Tex.Civ. App. 81, 22 S.W. 104; Freeman on Judgments, 5th Ed., § 638, p. 1343, and § 699, p. 1479.

If Mrs. White died intestate within four years prior to the time of trial in the partition suit, as alleged by appellees in their pleadings there, then in the absence of any allegation to the effect that no administration was pending on her estate and that none was necessary, the trial court had no jurisdiction to award to appellees any interest in the land in question which they might have inherited as heirs at law of their deceased mother. Richardson v. Vaughn, 86 Tex. 93, 23 S.W. 640; Laas v. Seidel, 95 Tex. 442, 67 S.W. 1015; Youngs v. Youngs, Tex.Com.App., 26 S. W.2d 191; Cyphers v. Birdwell, Tex.Civ. App., 32 S.W.2d 937. On the other hand, if Mrs. White died testate, leaving a will which was admitted to probate on June 28, 1937, bequeathing her property to appellant, as alleged by him in his pleadings, then the validity of such bequest could properly be contested by appellees at any time within four years after the will had been admitted to probate, provided they instituted a suit in the county court for such purpose within that time. Article 5534, Vernon's Ann.Civ.Stats.; Franks v. Chapman, 61 Tex. 576. And it affirmatively appeared on the face of the pleadings of the parties that unless the land in question constituted the separate property of J. M. White, there could be no partition thereof without an adjudication of the conflicting claims of title asserted by the parties as heirs at law and devisees under the will of Rachel E. White, respectively. Therefore, when it was developed without dispute in the evidence, as we must assume by reason of the trial court's peremptory instruction, that the land in controversy was the community property of J. M. White and Rachel E. White, and that the will of Rachel E. White had been admitted to probate on June 28, 1937, the trial court, under the existing circumstances, could have properly refused, on his own motion, to proceed further in the partition suit until there was a final determination in a court of competent jurisdiction of the conflicting claims which the parties were attempting to assert.

After careful consideration, we have decided that it is not necessary or proper for us to express any opinion at this time as to the validity of the judgment in the partition suit or as to the legal effect of such judgment on the rights of the parties thereto, except in so far as the same relates directly to the sole question presented for our determination on this appeal.

Without further discussion, we hold that the trial court did not err in overruling the appellant's plea in abatement under the facts disclosed by the record in this cause and consequently the judgment appealed from is affirmed.