## POWERS et al. v. WALLIS et al.

### No. 3001.

Court of Civil Appeals of Texas. Eastland.

April 17, 1953.

Rehearing Denied May 29, 1953.

Wynne & Wynne, Wills Point, for appellants.

Turner & Seaberry, Eastland, for appellees.

LONG, Justice.

In 1948, appellees instituted a suit in the nature of a Bill of Review against appellants to set aside an application to sell, order of sale, report of sale, order of confirmation and all other proceedings had in the Probate Court of Comanche County with reference to the sale of an undivided seven-eighths of a one-half interest in the minerals under 249 acres of land in Comanche County. Judgment was rendered in the County Court vacating the guardianship proceedings. An appeal was taken to the District Court. The case was there tried without a jury with the same result. An appeal was prosecuted to this court, which reformed and affirmed the judgment of the District Court, Boucher v. Wallis, Tex.Civ. App., 236 S.W.2d 519. Thereafter, appellees instituted this suit in the District Court

of Comanche County in trespass to try title and to cancel the mineral deed from W. L. Wallis, guardian, to R. E. Boucher, dated March 18, 1919 and also a mineral deed executed in 1948 by Boucher to appellant Powers and Parker and a deed from Parker to Culver. Appellants answered that they were innocent purchasers for value without notice. Boucher filed a disclaimer. The trial was had before the court with the aid of a jury. The jury found that neither Powers, Parker nor Culver was an innocent purchaser for value without notice. Judgment was accordingly entered in favor of appellees. Powers, Parker and Culver have appealed.

Appellees introduced in evidence, over the objection of appellants, the judgment in Cause No. 9340, Wallis v. Boucher, from the District Court of Comanche County, this being the judgment in the Bill of Review case. Appellants contend this judgment was not admissible because it was entered without prejudice to the appellants' rights as innocent purchasers. Appellees also introduced, over the objection of appellants, the findings of fact and conclusions of law filed in said cause upon which the judgment was based. The judgment in Cause No. 9340 which we will refer to as the Bill of Review case, did not attempt in any way to adjudicate or decree title and was entered without prejudice to the rights of appellants to assert that they are good faith purchasers of the minerals. All the judgment in that case did was to set aside the probate proceedings with reference to or tending to authorize the sale of the mineral interest by the guardian to R. E. Boucher. We are of the opinion that the judgment was admissible but we are of the further opinion that some of the findings of fact and conclusions of law should not have been admitted. The court filed findings of fact, some of which were beyond the jurisdiction of the court. The court in the Bill of Review case, had no jurisdiction to determine the title to the mineral interest or to pass on the question of whether appellants were innocent purchasers. That case originated in the Probate Court and, of course, the probate court had no such jurisdiction and consequently the District Court on appeal had no jurisdiction to pass on these questions.

In Paragraph 16 of the findings of fact the court found that the purported mineral deed of the guardian, Boucher, showed on its face that it was meant and intended to be an oil and gas lease and not a mineral conveyance because of certain provisions within the deed. In Paragraph 18 the court found that Boucher had abandoned his title. In paragraph 19 the court found that the judgment authorizing the guardian to execute an oil and gas lease was a repudiation and cancellation of the mineral deed by the guardian to Boucher. In Paragraph 21 the court found the mineral deed executed by Boucher to Wallis was in fact only an oil and gas lease and that the provisions in the mineral deed that the interest reserved by the minors was a royalty, made the mineral deed an oil and gas lease. We recognize the rule as contended by appellees that all fact questions which were necessary for the determination of the issues in the Bill of Review are forever binding upon the parties to that case. However, it must be remembered that the judgment in the Bill of Review did not attempt to litigate the title or to determine whether appellants were innocent purchasers. The District Court had no jurisdiction to determine these questions.

"Before proceeding further, we will say that the probate court of Van Zandt county, Tex., was and is without jurisdiction to annul and set aside the guardianship deed above described. Only the district court, when acting as a court of original jurisdiction, can do that. Article 1906, R.C.S.; section 8, art. 5, Texas Constitution. In the case at bar the district court acted as a court of appellate probate jurisdiction. As an appellate court in probate matters, the district court can only exercise appellate probate jurisdiction. Cogley v. Welch, Tex.Com.App., 34 S.W.2d 849; First State Bank of Bellevue v. Gaines, 121 Tex. 559, 50 S.W.2d 774. In this connection it is true that under our guardianship statutes, article 4328, R.C.S., 'any person interested may, by a bill of review, filed in the court in

which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein,' but the power to revise and correct 'any decision, order or judgment' does not operate to confer on the county court jurisdiction to annul a deed conveying land." Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934. See also Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571.

■ All matters which could not have been passed on in the Bill of Review proceeding are not res adjudicata. The court, in the Bill of Review, did not attempt to pass on the question of title nor whether the appellants were innocent purchasers. In fact, the judgment specifically excluded these issues therefrom. Consequently, all issues of fact concerning these questions which were passed upon by the court in the former case (and which were not material to a determination of the case) are not res adjudicata between the parties to this suit.

"While parties and their privies are not entitled to re-litigate matters which have been previously adjudicated by a court of competent jurisdiction, we do not believe the doctrine of res adjudicata has any application to the facts of this case. Certainly, the validity of the will of the deceased was not adjudicated in the partition suit and if any attempt had been made to adjudicate such issue in said cause, the same would have been a nullity because the district court did not have original jurisdiction to determine such issue. Matters which are expressly and properly excluded under the prior proceedings are not res adjudicata in subsequent proceedings even between the same parties. American Freehold Land & Mortgage Co. v. Macdonell, 93 Tex. 398, 55 S.W. 737; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; Freeman on Judgments, 5th Ed., § 675, p. 1424, and § 631, p. 1332. And matters which could not be passed on in the former suit are not res adjudicata under the judgment. Teal v. Terrell, 48 Tex.

491; Seitz v. McKenzie, 4 Tex.Civ. App. 81, 22 S.W. 104; Freeman on Judgments, 5th Ed., § 638, p. 1343, and § 699, p. 1479." White v. White, Tex.Civ.App., 149 S.W.2d 1031, 1033 (Writ Ref.). See also Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

■ On the trial of the Bill of Review case, much evidence was introduced by the plaintiffs which was not admissible against appellants. There was evidence introduced of statements made by Boucher which the court did not admit against appellants. In other words, some of the findings of fact were based upon evidence that was not admissible as to these appellants. Certainly, those findings based upon evidence which was not admitted against appellants would not be admissible in this case. The finding that the conveyance from Wallis to Boucher showed on its face it was a lease and not a deed, was not admissible. If this finding be correct, then appellees would have been entitled to an instructed verdict and a judgment as a matter of law. We held in our former opinion in the Bill of Review case that the mineral deed from Wallis to Boucher was void because it was not based upon any consideration, but we did not hold that it was void on its face. We did not hold then, and we do not hold now, that the mineral deed from Wallis to Boucher showed on its face to be an oil and gas lease. This finding and many others introduced were not admissible and the admission thereof was reversible error.

■ Appellants' contention that they were entitled to an instructed verdict because at the time Wallis, as guardian, executed the deed to Boucher conveying the mineral interest involved, he owned an undivided one-half interest therein and that even though the deed was invalid as a guardian's deed, it was, nevertheless, sufficient to convey the interest Wallis owned, under the doctrine of estoppel by deed. We do not agree with this contention. The deed from Wallis to Boucher was not based on a valid consideration. In order that a covenant work an estoppel, it must be contained in a deed that is good and valid in law as well as equity. Breen v. Morehead,

Tex.Civ.App., 126 S.W. 650. Wallis did not attempt to claim the minerals as his own. Appellees do not claim the minerals as heirs of their father. They owned the minerals at the time of the execution of the conveyance to Boucher. We hold that there is no estoppel by deed and that appellants were not entitled to an instructed verdict. Carothers v. Alexander, 74 Tex. 309, 12 S.W. 4; Talley v. Howsley, Tex. Civ.App., 170 S.W.2d 240.

The judgment of the trial court is reversed and the cause remanded.