## L. E. Moore v. J. B. Snowball et al.

### No. 1261. Decided May 30, 1904.

**Res Judicata—Title—Equitable Relief.**

· A plaintiff who sued to remove cloud on title and to recover land sold under execution on a judgment for taxes on the ground that the judgment was void for want of citation and the sale void because in bulk for property part of which was homestead was not precluded, by an adverse judgment, from thereafter maintaining suit, in the nature of a bill in equity, to set aside the sheriff's deed for irregularities in the sale leading to inadequacy in the price,—the suits, issues, and evidence to support them being distinct. (Brown, J., dissenting.) (Pp. 22-27.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

· *Coleman & Abbott* and *W. J. Howard,* for appellant.—When a judgment in a former suit is pleaded in a subsequent suit in the same court between the same parties as a former adjudication of the matters and issues involved therein, and the record in such former suit is before the court and in evidence, parol evidence will not be permitted to contradict or vary the said records, or to show upon what issues or branch of the case testimony was heard, what allegations were ignored by the court, upon what the court based its judgment, or what issues as made by the pleadings were submitted to the court, or decided,—the record, the pleadings and the judgment being conclusive of all such matters. Allen v. Read, 66 Texas, 18; Freeman v. McAninch, 87 Texas, 135; Rackley v. Fowlkes, 89 Texas, 617; McGrady v. Monks, 1 Texas Civ. App., 613; Freem. on Judg., 275, 300; Vanfleet on Coll. Attack, 526.

The record of the judgment conclusively establishes that the title was in issue, and it was not competent for the defendant to impeach and contradict it by the production of parol evidence. Fisk v. Miller, 20 Texas, 581; Roberts v. Johnson, 48 Texas, 137; Hanrick v. Gurley, 93 Texas, 461; Graves v. White, 13 Texas, 126; Oldham v. McIver, 49 Texas, 572; Nichols v. Debrell, 61 Texas, 542; Flippen v. Dixon, 83 Texas, 423; Lee v. Kingsbury, 13 Texas, 72; Tadlock v. Eccles, 20 Texas, 792; McGrady v. Monks, 1 Texas Civ. App., 613; Armstrong v. St. Louis, 69 Mo., 310; Long v. Webb, 24 Minn., 383; Bailey v. Williams, 6 Ore., 7; Sturtevant v. Randall, 53 Me., 153; Butler v. Glass Co., 126 Mass., 516; Campbell v. Butts, 3 Coms., 174; Jones v. Perkins, 54 Me., 396; Freem. on Judg., 275, 300; Black on Judg., 265; Vanfleet on Coll. Attack, 526; Whart. on Ev., 785; Smith's Lead. Cases, 8 Am. Ed., 915. et seq. The cases of Cook v. Burnley, 45 Texas, 118; Horton v. Hamilton, 20 Texas, 611, and Pishoway v. Runnels, 71 Texas, 354, do not hold to the contrary. This case was followed and reaffirmed in Rackley v. Fowlkes, 89 Texas, 617, and the same principle is announced by all the authorities above cited.

When upon the trial of a pending suit it is shown by the defendant therein by the uncontroverted record, pleadings and judgment in another

and former suit in the same court, on the same cause of action, between the same parties, and for the same subject matter, that all the matters in controversy and issues involved in such pending suit were finally adjudicated adversely to the plaintiff and in favor of the defendant, by a judgment upon the merits rendered in said former suit and pleaded in bar of the pending suit, and such judgment adjudges the title and possession of the lands forming the subject matter of both suits to be in the defendant, there is nothing left in the second suit for a jury to determine, and the court should instruct the jury to find for the defendant for the lands in controversy. Nichols v. Debrell, 61 Texas, 542; Thompson v. Lester, 75 Texas, 523; Freeman v. McAninch, 87 Texas, 135; Rackley v. Fowlkes, 89 Texas, 613; McGrady v. Monk, 1 Texas Civ. App., 613; City of Houston v. Walsh, 3 Texas Ct. Rep., 344.

When a plaintiff in his petition avers substantially the matters required by statute in a petition in trespess to try title, such petition constitutes a suit for land, and puts the title of the land in controversy in issue, and a judgment rendered thereon is conclusive of the interest of all the parties to the suit, and is a bar to any subsequent suit between the same parties as to any claim to the land existing at the time such judgment was rendered. Shepard v. Cummings, 44 Texas, 505; Snyder v. Munn, 66 Texas, 259; Tevis v. Armstrong, 71 Texas, 63; Rains v. Wheeler, 76 Texas, 397; Hoodless v. Winter, 80 Texas, 640; Rev. Stats., art. 5275.

*Ewing & Ring (James R. Masterson, of counsel), for appellees.*—The plea of res adjudicata upon the facts appearing can not be sustained, as the identity of cause of action is fatally absent, the cause of action in the instant suit not being within the scope of the pleadings in the former suit.

It is entirely plain, upon the facts certified, and it will hardly be denied, that the appellees, unless defeated by the plea of res adjudicata, are entitled, on the equitable cause alleged by them, to have the sheriff's sale in question set aside on account of gross inadequacy of price, coupled with and conduced by the irregularity or nondelivery of the notice of the sale (Bean v. City of Brownwood, 91 Texas, 684, 690, and statutes and cases there cited; Steffens v. Jackson, 16 Texas Civ. App., 280, error denied; Leeper v. O'Donohue, 18 Texas Civ. App., 533, error denied; Beckham v. Medlock, 19 Texas Civ. App., 62, error denied; Irvin v. Ferguson, 83 Texas, 496; House v. Robertson, 89 Texas, 687, citing Taul v. Wright, 45 Texas, 395), and by the irregularity of selling the property by separate artificial lots, though not susceptible of such separate sale, by reason of the improvements thereon (Sayles' Texas Civ. Stats., art. 2362, and cases cited; Glasscock v. Price, 45 S. W. Rep., 415; Moore v. Perry, 46 S. W. Rep., 878), the principle being equally applicable to an undivided interest (22 Am. and Eng. Enc. of Law, p. 611), and to a direct action in equity as well as to a motion in the original cause. Owen v. City of Navasota, 44 Texas, 522.

The fundamental principles applicable to a plea of res adjudicata are well settled. To comprehend the precise question certified, it is necessary to distinguish carefully between the using a "former suit as a bar to a second suit for the same cause of action, and using a former adjudication of a fact as an estoppel to litigating it in a second suit." Andrews' Am. Law, p. 1109, note 4. It is true that, although the cause of action or subject matter, either or both, may be different, it is possible for some question of law or fact, necessary for maintenance of the second suit, to have been adversely adjudicated in the former suit, so that the former judgment will operate an estoppel to the relitigation of that particular question between the same parties. Hanrick v. Gurley, 93 Texas, 461. Equally true is it that there being no adjudication of any particular question of fact or law as an estoppel to litigating it in the second suit, and the effort being merely to set up the former judgment as a bar or merger, it is indispensable that identity of cause of action, as well as the identities of subject matter and parties, shall be present. Philipowski v. Spencer, 63 Texas, 603, 606-607; 2 Black on Judg., 2 ed., secs. 610, 725, pp. 927, 1086. The only supposed exception is, as stated in the last cited text, not an exception at all, but a necessary part of the rule itself. It is that any claim or demand is barred which was an inseparable part of the cause of action in the former suit. Id., p. 1087. This is only saying, in effect, as held in Girardin v. Dean, 49 Texas, 248, that if the cause of action is the same, it is immaterial that the grounds or points of the cause of action are different, just as it is immaterial that new defenses are urged which might have been, but were not, set up in the former suit. Nichols v. Dibrell, 61 Texas, 542; Freeman v. McAninch, 87 Texas, 135. The distinction above noted is clearly stated in Nesbit v. Ind. Dist. of Riverside, 144 U. S., 621, Law. Ed., 563. In Vanfleet's Former Adjudication, vol. 1, sec. 159, the matter of this supposed exception is made demonstrably clear.

Indeed, the very essence of the rule we are considering precludes possibility of the bar or merger of a cause of action which was not within the scope of pleadings in a former suit, even though it might have been there set up. Res adjudicata may apply, as we have seen, in the case of the same cause of action, to every ground or reason of the cause, whether set up or not, and to every defense to the cause, whether set up or not, but it can never apply to a different cause of action, whether it might or might not have been set up in the former suit. The maxim, "Nemo debit bis vexari pro una et eadam causa," limits the rule by its very terms to identity of the cause. 2 Black on Judg., 2 ed., sec. 732; Pishoway v. Runnels, 71 Texas, 354; Norton v. Wochler, 72 S. W. Rep., 1025-26, and cases cited. The doctrine is also well stated in 1 Freeman on Judg., secs. 277, 288. The only question certified is one, not of estoppel as to any particular fact or question, but of bar or merger by the former judgment; and on that issue it has been demonstrably shown (1) that the cause of action set up in the instant suit must have been

in issue in the former suit, and (2) that if it was not, it can not help the plea that it might have been.

The inquiry then is, was the cause of action now set up within the scope of the pleadings of the former suit? We apply the question to the scope of the pleadings, because we concede that if the instant cause of action was judicable under the pleadings in the former suit, it would be immaterial that no evidence was adduced in its support. Rackley v. Fowlkes, 89 Texas, 613. The cause of action is necessarily made up of the facts constituting it. The facts essential to the instant action are (1) stated irregularities, pleaded as such; (2) gross inadequacy of price, pleaded in like manner; (3) that the irregularities caused or conduced to such gross inadequacy of price; and (4) an offer to do equity by returning the purchase price. The certified question affirms the entire absence of these facts in the pleadings of the former suit. That the cause of action here set up is not title, legal or equitable, but only the right to get the title through the aid of a court of equity as by reconveyance, has been expressly held. Ayres v. Duprey, 27 Texas, 594, 605. The petition in the instant suit, based on that view, expressly affirmed the title, both legal and equitable, to be in the defendant Moore, and sought relief on that theory alone, as shown by the certified question.

It would seem that no consideration could furnish a more conclusive test against the plea of bar by the former judgment (vide 1 Freeman on Judg., 4 ed., sec. 282). The cause of action now set up not being legal or equitable title, could not be availed of in trespass to try title, offensively or defensively, in the absence of an affirmative plea setting up specifically the facts constituting it. Ayres v. Duprey, 27 Texas, 594, 605; McCampbell v. Durst, 15 Texas Civ. App., 524, 531-35, and cases cited. Whatever is title sufficient, legal or equitable, to sustain an action of trespass to try title, or defeat the action under a plea of not guilty, is within the scope of the litigation; but no right incapable of being so availed of, or which can not be availed of without an affirmative equitable plea, can be regarded as within the scope of such pleadings. The conclusion is submitted as irresistible that the cause of action here set up was not, in the state of the pleadings in the former suit, judicable therein; it was not within the scope of the pleadings in the former suit. 1 Freeman on Judg., 4 ed., sec. 271.

In the light of what has been said, it is submitted that the certificate of the Court of Civil Appeals forecloses further inquiry, for it distinctly states that in the former suit "neither the pleadings nor evidence raised the issue" of the instant suit. State of Texas v. O'Connor, 7 Texas Ct. Rep., 650; Philipowski v. Spencer, 63 Texas, 603-607; City of Houston v. Walsh, 66 S. W. Rep., 106, error denied; Norton v. Wochler, 72 S. W. Rep., 1025, and cases cited. How can a judgment, we repeat, be a bar or merger of a cause of action that was not within the scope of the pleadings judicable in the former suit? The following authorities, closely in point, will confirm a negative answer. Horton v. Bassett, 17 R. I., 129, 20 Atl. Rep., 234, 235; Bonker v. Charlesworth, 33 Mich., 81; Wright

v. Anderson, 117 Ind., 349, 355, 20 N. E. Rep., 247; Am. Freehold Land and Mortgage Co. v. McDonnel, 93 Texas, 405; Evans v. Borchard, 8 Texas Civ. App., 279.

WILLIAMS, ASSOCIATE JUSTICE.—Certificate from the Court of Civil Appeals for the First District, as follows:

"James B. Snowball brought this suit, as by bill in equity, to set aside a sheriff's sale, under execution, of real estate to the defendant, L. E. Moore, on account of attendant irregularities which it was alleged had conduced to sacrifice the property for a grossly inadequate price, the petition expressly affirming the title, both legal and equitable, to be in the defendant, L. E. Moore, the purchaser at such sheriff's sale, but seeking, as a matter of affirmative equitable relief, to regain such title on account of the equity mentioned, as would be by reconveyance in equity. The city of Houston and James Snowball, the plaintiff's father, were joined as defendants; but the former disclaimed, judgment being entered as to it accordingly, and the latter, by a cross-petition, set up as to himself the same allegations made by the plaintiff, and became in effect a coplaintiff. The defendant, L. E. Moore, answered, so far as necessary to state, by general denial, by plea in bar of former recovery as res adjudicata, by plea of improvements in good faith, and by cross-plea for recovery. The plaintiff and cross-plaintiff replied by first supplemental petition, denying generally the averments of the answer, and specially pleading claim for rents from the premises, and that, in so far as the alleged former suit rested upon the cross-action therein, said plaintiffs had neither been cited nor appeared thereto, and that no guardian ad litem had been appointed therein for the plaintiff James B. Snowball, who was then a minor. The defendant, L. E. Moore, by first supplemental answer, put in a general denial to said supplemental petition. The case was tried with a jury and resulted in a verdict and judgment for said plaintiffs on January 17, 1903, awarding to them the equitable relief sought in respect to their alleged interest in the land, such interest being a life interest of a third in the whole to the cross-plaintiff, James Snowball, and a third interest in fee simple to the plaintiff James B. Snowball, subject to said life estate, but upon condition of said plaintiff's returning $1139.46 towards the purchase price paid by defendant, L. E. Moore, he recovering at the same time $424 for his share of the rents, and upon condition of said cross-plaintiff's returning $619.73 towards the purchase price paid by defendant, L. E. Moore, he at the same time recovering $1272 as his share of the rents. The judgment offset the rents against the return payments, and directed, as to the plaintiff, that he pay the balance remaining, with 6 per cent per annum interest thereon from date of judgment, into the registry of the court within ten days after filing of the mandate of the appellate court, if an appeal was taken, and as to the cross-plaintiff, that he recover the balance remaining in his favor from the defendant, L. E. Moore, with interest at 6 per cent per annum from the date of the judgment. The

verdict found that the defendant, L. E. Moore, was the owner in fee simple of the remaining undivided interest of said real estate, and the decree adjudged that partition be made in the usual manner, commissioners being appointed therefor, but to be so made that the defendant's improvements should go to her, if it could be done without prejudice to the interests of said plaintiffs.

"The material facts disclosed by the record are these: The property in controversy was the separate property of Mary A. L. Snowball, deceased, and at her death the fee simple title to same descended to and vested in her three children, Daisy Dean McKinney, Lilian E. Fisher, and the plaintiff James B. Snowball. The cross-plaintiff, James Snowball, is the surviving husband of said Mary Snowball, and upon her death became entitled as such survivor to an estate for life in one-third of said property. In 1898, after the death of Mrs. Snowball, the city of Houston brought suit against her heirs above named to recover taxes due said city upon said property and to foreclose the tax lien for same. On May 12, 1898, a judgment was rendered in said suit in favor of the plaintiff for the sum of $1572.30 and foreclosing the tax lien. In accordance with this judgment an order of sale was issued and in pursuance thereof the property was sold on the first Tuesday in August, 1892, at public outcry before the courthouse door of Harris County. At this sale the appellant, L. E. Moore, became the purchaser for the sum of $1600, which amount she paid to the sheriff, and received his deed for the property. This deed is in the usual and proper form and was duly recorded in the deed records of Harris County. Subsequent to this purchase at sheriff's sale the appellant procured from Mrs. McKinney and Mrs. Fisher a conveyance of their interest in the property. Notices of the sheriff's sale were posted as required by the statute, but no notice of same was served upon either of the appellees, both of whom lived in Harris County at that time. The property consisted of various lots and parcels of land, but the improvements thereon and the purposes for which the property was used were such as to prevent its being sold advantageously by separate lots. Notwithstanding this fact it was sold in separate parcels according to artificial lot lines. At the time of this sale the fair market value of the property was $17,000. The homestead of appellee James Snowball had been established upon a portion of this property for thirty years and he and the appellee James B. Snowball, who is a minor, were occupying said homestead at the time of the sheriff's sale, and continued to occupy same until dispossessed by the sheriff at the instance of the appellant. Neither of the appellees had any knowledge or notice of said sale until some time after it had occurred. Had they known of the sale they would have endeavored to secure the money to pay off the lien, and failing to do this they would have demanded a publication of notice of the sale in a newspaper and may have thereby obtained more bidders at such sale, and would have required the property to have been subdivided and sold with reference to the improvements and not by artificial lot lines. On

the 24th of August, 1893, appellee James Snowball, for himself and as next friend of the minor appellee, brought a suit in the District Court of Harris County against L. E. Moore, the appellant herein, the city of Houston and R. R. Anderson, sheriff of Harris County, to recover the identical property which is the subject matter of this suit. The petition in that suit, in addition to the usual allegations of a petition in trespass to try title, alleged that the judgment obtained by the city in the tax suit was void because no citation had been served upon the defendants in said suit. It was further alleged that said judgment and the order of sale issued thereon were void for the reason that the judgment and order of sale directed that the property be sold in bulk for the whole amount of taxes adjudged to be due thereon, notwithstanding a portion of said property was the homestead of plaintiffs and could not therefore be lawfully sold to satisfy the taxes due upon the remainder of said property. It was further alleged that the tax judgment and the proceedings had thereunder constituted a cloud upon the plaintiff's title. The prayer of the petition was for the cancellation and annulment of said judgment and all proceedings thereunder, and for a perpetual injunction against any attempt to enforce same, for the recovery of the title and possession of the property and for equity and general relief. To this petition the defendant, L. E. Moore, answered by general denial and plea of not guilty and by plea in reconvention in which she claimed title to the property in controversy and prayed that the same be adjudged to her. Upon the trial of this case judgment was rendered by the District Court that the plaintiffs take nothing by their suit, that the defendant recover the title and possession of the property and that all the right, title and claim of plaintiffs in and to said property be devested out of them and vested in the defendant, L. E. Moore. This judgment was rendered on the 21st of November, 1898, and was never set aside or appealed from. In the suit in which this judgment was rendered neither the pleadings nor evidence raised the issue of the invalidity of the sheriff's sale under which the defendant claimed title to the property by reason of any irregularities in such sale, the only attack made upon the sale being incidental and dependent upon the alleged nullity of the judgment and order of sale issued thereon. No service of notice of the cross-bill or plea in reconvention set up by defendant in that suit was had upon the plaintiffs, and no guardian ad litem was appointed to represent the minor plaintiff, James B. Snowball, in defense of such cross-bill, and no appearance or answer was filed therein, but the plaintiff James Snowball knew that said plea in reconvention had been filed in said suit.

"Upon the foregoing statement of the pleadings and evidence in the above styled and numbered cause pending in this court on appeal from the District Court of Harris County, we respectfully certify for your decision the following question:

"Do the facts stated sustain the appellant's plea of res adjudicata?"

In the former action the ultimate issue was one of title to the land

in controversy. To sustain this plaintiffs charged that the judgment and, in consequence, the sale founded on it, were void, leaving their title unaffected. As the judgment affected them in other ways than in its operation upon their title, they sought a judicial declaration of nullity against it, and against the sale as dependent on it. No attack was made upon the sale for any vice peculiarly affecting it. This was the utmost scope of that action. Whether the special allegations designed to show the invalidity of the judgment were sufficient or not they asserted no other cause of action. The answer and plea in reconvention raised no other issue but that of title made by the petition, and did not enlarge the scope of the issues. Hoodless v. Winter, 80 Texas, 538; Shepard v. Cummings, 44 Texas, 502. A finding that the judgment was not void necessarily led to a judgment in favor of the defendants. In the present proceeding the plaintiffs concede to the defendants all that was denied in the former, admitting that the judgment and sale were not void and that the title passed to and is still in the defendants; and attack the sale upon grounds which affect it alone, and which would not have sustained a claim of title in plaintiffs but simply entitle them to a judgment setting the sale aside and restoring their title upon compliance by them with certain equitable terms and conditions. Different evidence is necessary to sustain the two actions, and different judgments are applicable to them, one in favor of the plaintiffs in this case being entirely consistent not only with the correctness of that rendered in the former, but with any that might have been rendered therein on the issue of title had it been unrestricted by special allegations. That the relief now sought could have been obtained under the pleadings in the former action will not be claimed. On the other hand, it must be admitted that, by appropriate pleading, the plaintiffs might have joined together the cause of action which they attempted to set up and that which they now assert, and, by alternative prayer, could have enforced the latter where they failed in the former. This is true partly because of the abolition of the distinction between law and equity and partly because of the liberal allowance in our law of the joinder of different causes of action, whether legal or equitable. Upon an issue of title the plaintiff or defendant may, of course, recover upon that which constitutes a title, whether it be legal or equitable; and it may be that in support of such an issue, any title of either kind which the party has must be adduced. Judgment on the merits settles the title and neither party will be heard afterwards to say that he had a title which he did not adduce, whether his failure was due to the condition of his pleading or his evidence. But the attempt here is to set up that which was not a title, which was inadmissible in evidence upon the issue of title, and which constitutes, as it has been defined by the decisions of this court, a cause of action different from that formerly adjudicated. The question therefore is, were the plaintiffs bound to assert it, because it was a right respecting the property sued for, and one which the law regulating joinder of actions permitted them to con-

nect with their former action, or otherwise have it cut off by the judgment in favor of the defendants on the issue of title? It is claimed that they were, upon the principle so often and so broadly laid down that a judgment "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause and which they might have had decided." Foster v. Wells, 4 Texas, 104; Nichols v. Dibrell, 61 Texas, 541; McAninch v. Freeman, 87 Texas, 132. This we understand to mean only that all matters which properly belong to a cause of action asserted in the pending suit such as will sustain or defeat, in whole or in part, that cause of action, must be produced or be barred by the judgment, and not that all the different causes of action a party may have respecting the same property must be joined, because they may be, in one proceeding. To illustrate this, if the plaintiffs in the former suit could have shown some other title to the property, or that the judgment or sale was absolutely void for some other reasons than those set up, they could not now aver them, because the title and the nullity vel non of the judgment and sale were put in issue, and anything that would have established either would have established plaintiffs' title; and they were bound to bring forward all such matters. Werlein v. New Orleans, 177 U. S., 401. But to so apply this doctrine as to embrace within an adjudication of the title to property every cause of action which the party had at the time of its rendition respecting such property, when only one of them was set up, would, in view of the liberality of our law allowing joinder of actions, be equivalent to saying that but one suit about the same property can be prosecuted to judgment upon its own merits between the same parties, a proposition no one will assert. Under such a conception of the law a plaintiff who had been defeated in an action of trespass to try title would not be allowed afterwards to show that that which he had supposed to be a title was only a mortgage, and to foreclose it, or that, though not entitled to recover the land, he was entitled to the enforcement of a vendor's lien, or to specific performance of an executory contract. For under our procedure a plaintiff, in doubt as to his true rights, might seek to recover land upon an allegation of title, and, in the alternative, to enforce any one of these supposed claims, or many others that might be instanced. Courts and text writers have often found it necessary to so qualify the broad statement of the rule above quoted. In the case of Aurora City v. West, 7 Wall., 102, Mr. Justice Clifford thus states the doctrine: "Where every objection urged in the second suit was open to the party *within the legitimate scope of the pleadings* in the first suit, and *might have been presented in that trial,* the matter must be considered as having passed in rem judicatam." Says Freeman: "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as *incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the* original ac-

tion. \* \* \* The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills, and equitable defenses, etc. \* \* \* But as long as these several matters are not tendered as issues in the action, they are not affected by it." Freeman on Judg., 249; Black on Judg., 732; Am. and Eng. Enc. of Law, 2 ed., 766, 775, 784. This we understand to be the true doctrine, and the principle that all matters are concluded that might have been litigated has not been differently applied by the judgments of this court in cases cited by appellants. The statement has always been made with reference to some matter that was comprehended within the issues in the former action and not concerning causes of action distinct from those before asserted and adjudicated. If, as we have said, the matter now set up by plaintiffs constitutes a different cause of action from that which they formerly sought to maintain, they were not, under the authorities cited, bound to enforce it in their first action. Freeman on Judg., 256. That it is such we think the decisions of this court leave no doubt. Nothing but evidence of title was admissible or could have been made admissible under the former issues without the introduction of a different cause of action. Ayres v. Duprey, 27 Texas, 604-5; Haskins v. Wallet, 63 Texas, 218, same case, 68 Texas, 418; Rippetoe v. Dwyer, 49 Texas, 506; Fuller v. O'Neal, 69 Texas, 352; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 224; Rutherford v. Stamper, 60 Texas, 450; Fisher v. Wood, 65 Texas, 205. The substance of these decisions applicable here is that a right of action to set aside such a deed as that defendants held, not void, but merely voidable by direct attack and upon equitable terms, can not be enforced under the pleadings in the action of trespass to try title. If that proposition is sound, and it is firmly established, it inevitably follows that such a right is not comprehended in the issue of title; for if it were it could, of course, be made effectual as a ground of recovery or of defense in such an action. While a plaintiff is permitted under our system to invest one proceeding with all the characteristics of both kinds of actions, and, if he fail in one, to recover upon the other, it is still true that the causes of action are distinct, the judgments applicable to them are different, and the allowance of one denies the existence of the other. A defendant when sued in trespass to try title may plead not guilty, thus making the issue of title, and may also plead specially such a right as that which plaintiffs here set up; but when he does so he, in substance, asserts in reconvention a different cause of action against the plaintiff from that which plaintiff asserts against him. If it were not so, his right would necessarily be available under his plea of not guilty. The case of Bonker v. Charlesworth, 33 Mich., 81, sustains the view

which we have expressed. See also Hills v. Sherwood, 48 Cal., 386, and Blanchard v. Brown, 3 Wall., 249. The two cases last cited illustrate the principle, but as the matters which it was held could be set up by bill in equity, to avoid a deed, after judgment in ejectment, could in this State be proved on the issue of title in an action of trespass to try title, it may be that the particular applications there given to the rule of res judicata would not be given here. But the rulings made in these cases do apply where, as in the present instance, the matter set up in the second action could not have been litigated in the issues of the first suit. Williams v. Barnett, 52 Texas, 130; Catlin v. Bennett, 47 Texas, 172.

The plaintiffs, believing the judgment of foreclosure and sale against them to be void, leaving their title unaffected, brought suit to recover the land. Judgment was rendered against them adjudging the title to be in the defendant, because the judgment and sale were not void but sufficient to pass the plaintiffs' title. They had asserted a cause of action which they did not have, simply mistaking the character of their right and, therefore, their remedy. They now assert a different cause of action, which, we must assume for present purposes, they did have, but did not, because of their error, put in issue in their first proceeding. The former judgment was not on the merits of their real cause of action, so far as the certificate discloses, but was probably the result of their misconception of their remedy. Freeman on Judg., 263, 265. With reference to this, the author says: "The second subdivision (in section 263) includes all judgments rendered on the ground that, conceding the plaintiff to have a cause of action upon which he is entitled to a remedy, yet he is not entitled to so recover under the remedy or form of action which he has chosen. The exception which takes these cases out of the general rules in relation to estoppel is a very important one, saving the plaintiff from the loss of his claim through any error of judgment on the part of his attorney in determining what form of action is best suited for the enforcement of the plaintiff's rights."

There is at the foundation of appellant's whole contention the mistaken assumption, that, because plaintiffs had but one cause of action with respect to this land, it follows that it was set up in the previous action and was the subject of the former adjudication, when the truth is that their real cause of action was never asserted and therefore never adjudicated. That which they did allege was a cause of action which they did not possess, and that they did not possess it was the matter determined against them. The effect of that judgment must be determined by inquiring, not what was the character of the cause of action respecting the land which they really had, but what was the character of that which they set up and put in issue; and the judgment declaring that they did not have that which they set up can not with justice be applied to one which they had but did not set up.

It seems to be supposed that the case is affected by article 5275, Revised Statutes, which provides that a judgment in an action of trespass

to try title "shall be conclusive as to the title or right of possession established in such action." There is no contention that the judgment is not conclusive as to the title and right of possession. The proposition here is that the title is held subject to any right of plaintiffs which was not and could not have been adjudicated within the scope of the action of trespass to try title in which it was rendered. Such a right is not a title judicable in that action. There is nothing new in the proposition that one party may have title and right of possession and yet hold the property subject to equitable rights of another and duties of his own which may and must be enforced in proceedings other than actions involving only title and right of possession. Martin v. Robinson, 67 Texas, 381. Such a right and corresponding duty are asserted by plaintiffs, and as is was not determinable in the former action it was not cut off by the judgment therein.

We answer that the facts stated do not sustain the plea of res adjudicata.

### DISSENTING OPINION.

BROWN, ASSOCIATE JUSTICE.—I dissent from the answer made to the question propounded and from the reasoning of the majority in support of their answer. Preliminary to the expression of my views on the legal question, I will state some general principles of law that I believe to be applicable to the facts of this case and necessary to a full understanding of my position.

In this State there is neither action at law nor in equity, but all suits (except trespass to try title) are in the nature of trespass on the case; they are civil suits in which the courts administer legal or equitable relief, or both, as the facts may authorize, "whereby the suitor has ready relief according to the exigencies of his business and adapted to the specialty, reason and equity of his very case." Carter v. Wallace, 2 Texas, 209; Craddock v. Goodwin, 54 Texas, 583; Messner v. Giddings, 65 Texas, 309. In the last cited case, speaking of the jurisdiction of the district courts of this State, Judge Stayton said: "If it is claimed that in the court, as a court of equity, under that clause (art. 4, sec. 6, Const., 1866) the power existed, it must be replied, that the district court, whether as a court of law or court of equity, had only such power as the Constitution gave it. There is no such thing as the inherent power of a court, if by that be meant a power which a court may exercise without a law authorizing it. That clause of the Constitution empowered district courts to exercise all the power given, whether the procedure necessary to accomplish that purpose be such as pertains to a court of law or a court of equity; but it in no manner conferred upon such courts the power to exercise any and every power which, at any time, may have been exercised by courts of chancery in England or elsewhere." Authorities which rest upon the difference in jurisdiction of courts of law and courts of equity can be of no service in this case, because both jurisdictions are blended in one tribunal and the remedies

applicable to legal and equitable rights may be administered in the same proceeding. For example, had the separate jurisdictions existed in this State, the plaintiffs could not have instituted their suit to recover the land and at the same time to set aside the judgment of a court of law under which the land had been sold, but must first have gone into a court of equity and set aside the judgment and then proceeded in the law court to recover the land. Thus, because the different jurisdictions administered different remedies, there would have been two causes of action, one in equity to set aside the judgment of which the court of law would not have jurisdiction, and the other to recover the property of which the chancery could not take jurisdiction; but under our system the proceeding to set aside the judgment is not a separate cause of action but a part of the remedy by which the wrong complained of is to be righted. The point is well illustrated by the case of Ayers v. Dupree, 27 Texas, 605, in which this court held that the sheriff's deed, which constituted a part of the plaintiff's chain of title, could not be attacked and set aside at the instance of the defendant under a plea of not guilty, but the defendant might have pleaded specially the facts and thereby secured the relief in that proceeding. If the jurisdictions had been separate, it would have been necessary for the defendant in that case to go into a court of equity and secure an injunction against the prosecution of the suit at law against him, until he could establish his equitable defense against the plaintiff's title by having one of the muniments of it set aside for causes not cognizable in a court of law.

"In the abstract a cause of action consists of the right claimed or wrong suffered by the plaintiff on the one hand and of the duty or delict of the defendant on the other." Phoenix Lumber Co. v. Houston Water Co., 94 Texas, 462. "It [the cause of action] may be defined to consist as well of the right of the plaintiff in the action as the injury to such right." Phillio v. Blythe, 12 Texas, 127. In his work on Remedies and Remedial Rights, section 452, Mr. Pomeroy says: "The cause of action is very often confounded with the remedy. This mistake or misconception is particularly apt to occur in cases where, under the code, the plaintiff seeks to obtain legal and equitable relief combined, the right to such relief springing from the same state of facts. To avoid this tendency to confusion it is absolutely necessary to ascertain and fix with certainty the true meaning of the term 'cause of action.'" In section 453, the same author defines cause of action in these terms: "Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff, and the corresponding primary duty devolving upon the defendant; a delict or wrong by the defendant which consisted in the breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated, or however simple, must contain these essential elements. Of these elements the primary right and duty and the delict or wrong combined constitute the cause of action in the

legal sense of the term." As suggested before in this opinion, what might be a cause of action in a court of equity, where the jurisdictions are separate, that is in a suit to set aside a judgment under which the defendants claimed title, would be a part of the remedy in a suit for the land in our courts, where legal and equitable remedies are both administered upon the facts by the same court in the same proceeding. I venture to suggest that the position of my associates upon this question grows out of a failure to distinguish between the cause of action and the remedy, where all remedies are administered in one proceeding.

We now come to the question, what was the cause of action in the first suit? Under the rules established by our decisions and announced by Mr. Pomeroy, the right of the plaintiff in that case was the title to and right of possession of the land involved in the suit, and the unlawful holding possession of the land and claim of title by the defendants was the wrong or delict of the defendant. That this constituted the cause of action in that case is recognized by the majority in this sentence of the opinion: "In the former action the principal issue was one of title to the land in controversy." The attack upon the judgment against the plaintiffs and order of sale under which the land was sold did not constitute a cause of action, but was a part of the procedure by which the plaintiffs' sought to right the wrong that had been done them. The judgment in favor of the city of Houston against the plaintiffs in that suit, the order of sale and the sale with the sheriff's deed conveying the land, constituted the means by which the defendant perpetrated the wrong and under which she claimed title to the land, hence the defendant's defense consisted of such judgment, order of sale and other proceedings culminating in the sheriff's deed, all of which were necessary to protect her possession, therefore all of these muniments of title were put in issue by the suit for the land.

The petition in the first suit contained the allegations usual in actions of trespass to try title, with a prayer for the recovery of the title and possession of the land. Anticipating the claim of the defendants, the plaintiffs, as is common in such cases, alleged the rendition of the judgment against them, the issuing of the order of sale and sale under that order, then attacked the judgment and order of sale as invalid for the reasons alleged. By taking this course the plaintiffs avoided the necessity of deraigning their title, but undertook to show that the defendant had not acquired their title through the judgment and the sale under which she claimed. Palmer v. Wilson, 18 Texas, 592. In Rippetoe v. Dwyer, 1 U. C., 498, the same course was pursued as in this case except that the attack was made by amendment. The defendant excepted to the amendment because it set up a new cause of action which was barred by limitation, but the court held that it was not a cause of action, saying: "The object of the suit was the recovery of the lot. The cause of action is the unlawful taking and holding possession of it."

The present suit is based upon the same cause of action as the former; that is, the right of the plaintiff to the title and possession of the same

tract of land which was the subject of the former suit, charging the wrong of the defendant to be a withholding from the plaintiff of the title and possession of· that land, with a prayer for a recovery of the land and the title thereto. The petition set up the facts as to the rendition of the judgment, the issuing of the order of sale and the sale, and sought to annul the title of the defendant by having the sale itself set aside on account of the irregularities charged to have occurred in executing the order of sale. The facts alleged in the petition in this case are identical in every material point with those alleged in the former suit, except that it contains no allegation distinctly marking it as an action of trespass to try title, and avers, as cause for setting aside the sale under which the defendant claimed, the irregularity in the act of selling instead of the complaints which were made in the petition in the former case, all of which causes existed when the former suit was commenced. The object in each case was the recovery of the land. If the allegation made in the petition in the second suit, that the defendant had acquired the legal and equitable title to the land, and the offer to pay to the defendant moneys paid out in discharging the lien upon the land be stricken out, the petitions are practically the same, and each would constitute an action of trespass to try title. It seems to me plain that the cause of action in the second case is the same as in the first, and that the variation in the pleading applies alone to the means by which the plaintiff sought to set aside the defendant's title.

The proceeding in our system for securing a new trial after the adjournment of court was attempted to be utilized in fact but evaded in form, because the facts would clearly not sustain such a proceeding. There was no pretense of any excuse for not presenting the same cause for setting aside the sale in the first suit that is presented in this. Goss v. McClaren, 17 Texas, 107. Stripped of the verbiage by which it was sought to disguise the proceeding, the petition in this case was practically an application by original suit in the district court to set aside the former judgment and to try the case again, thereby affording the opportunity for making a defense not presented in the former suit.

An examination of the certificate will show that the allegations of the petition in the first suit put in issue the title to the land, and the following statement in the majority opinion is misleading: "As the judgment affected them in other ways than in its operation upon their title, they sought judicial declaration of nullity against it, and against the sale as dependent upon it. No attack was made upon the sale for any vice particularly affecting it. This was the utmost scope of that action." The opinion by its context shows that the majority did not intend to assert that the title to the land was not in issue in that suit. The first sentence of that opinion distinctly says that the title was in issue, and I agree with them that it was the principal issue in the case upon which the action rested. It is true that a finding that the judgment was not void necessarily led to a judgment in favor of the defendant, because when the plaintiffs alleged that the defendant claimed to

have acquired the title under a judgment and sale against them, it devolved upon the plaintiffs to prove that the title did not pass, and, failing to do so, they lost, not upon the invalidity of the judgment alone, but upon the fact that they had alleged title out of themselves and failed to establish that defendants did not acquire it. Wilson v. Parker, 18 Texas, 592.

The main opinion asserts that it required different evidence to support the attack on the sale itself as made in this suit from that required in the former suit. So it requires different evidence to support each material issue in any case, but that does not make each issue a separate cause of action. The fact that different evidence would be required to support different allegations serves to determine whether the cause of action is the same under each, but it can not control in deciding whether given facts constitute an independent cause of action, for while it is true that separate and distinct causes of action would require different proof, it is likewise true that each issue necessary to the decision would require different proof, yet all of the issues would be embraced in one cause of action.

Article 5275 of the Revised Statutes is in this language: "Any final judgment rendered in any action for the recovery of real estate hereafter commenced shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered and upon all persons claiming from, through or under such party by title arising after the commencement of such action." The judgment rendered in the former suit between these parties upon an issue of title to the land involved in this case adjudged the title to be in defendant and is conclusive against the right to recover the land in this action unless that judgment be set aside. The allegations of the petition in trespass to try title and plea by the defendant of "not guilty" made an issue on the title to the land which was "the principal issue in the case" as stated in the main opinion. That issue was determined against the plaintiff and the effect of the judgment was to divest title out of the plaintiff and vest it in the defendant. French v. Olive, 67 Texas, 402; Wootters v. Hall, 67 Texas, 513.

The majority undertake to meet the bar of the former judgment by the proposition that the evidence, which would have established the invalidity of the sale by the sheriff, could not have been introduced under the allegations of the plaintiff's petition in the former suit, therefore the bar does not apply, in support of which they cite: Ayers v. Duprey, 27 Texas, 604; Haskins v. Wallet, 63 Texas, 217, same case, 68 Texas, 418; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 224; Rutherford v. Stamper, 60 Texas, 450; Fisher v. Wood, 65 Texas, 205; Rippetoe v. Dwyer, 49 Texas, 506; Fuller v. O'Neil, 69 Texas, 352; Shields v. Hunt, 45 Texas, 424.

Granting for the sake of argument the position that if the evidence was not admissible under the pleading the judgment is not conclusive, I respectfully submit that none of the cases above named (except Rip-

petoe v. Dwyer) sustain the proposition to which they are cited. In Ayers v. Duprey, the defendant sought, under a plea of not guilty, to attack the deed in the chain of title to the plaintiff, and the court held that the evidence was not admissible under that plea.

Shields v. Hunt involved the right of defendant, after the trial had commenced and his evidence had been excluded for variance, to withdraw a special plea of outstanding title and to rely upon his plea of not guilty. The question under discussion did not arise in that case.

In Rutherford v. Stamper the defendants were permitted in the trial court, under a plea of not guilty, to attack "the legality of Rutherford's administration and the order of sale and confirmation on the ground of fraud." The Supreme Court did not decide that it was error to permit this to be done under that plea, but held that orders of the probate court could not be assailed collaterally.

In Haskins v. Wallet the plaintiff set out his own title and made a direct attack upon the defendant's title, which he set out, for the purpose of having it set aside. The petition has none of the characteristics of an action of trespass to try title, and the defendant "set up limitation, stale demand and lapse of time in bar of plaintiff's suit." The question under discussion in this case did not arise and was not suggested. In the same case, reported in 68 Texas, the decision was upon stale demand and in no way involved the question now before this court.

Fisher v. Wood was begun and prosecuted upon specific allegation of facts intended to show that the deed assailed was fraudulent. No mention was made of the question we are now considering, except that Judge Stayton said, in the course of the opinion, that Rutherford v. Stamper was decided upon the proposition that the district court could not in an action in the form of trespass to try title set aside the orders of the probate court. Examination of the opinion in that case will not sustain the interpretation placed upon it by that learned judge. In no view of it does the opinion in Fisher v. Wood bear upon the question of the admissibility of evidence, under such pleading as in this case.

In Fuller v. O'Neil, to a petition in trespass to try title the defendant pleaded not guilty. The question was the validity of a sale made under a deed of trust by an agent of the trustee. The defendant sought to recover the money paid in discharge of the debt, which was denied. In the course of the opinion the court said: "If, however, the appellant has equities which entitle him to require the plaintiff to pay his debt before recovering the property he should have set them up in his answer. He was not entitled to such affirmative relief under the plea of not guilty."

Chicago T. & M. C. Ry. Co. v. Titterington was instituted by the plaintiffs for the express purpose of canceling a deed made by them to the railroad company for the right of way over their land in which the plaintiffs payed for restoration to the possession of the land and for rents, etc. The railroad company had only an easement in the land.

The question in the case was whether it was a personal action to which the statute of four years would apply, or a suit for land, and the court held that it was personal in its character and applied the four years statute. The question now before the court was not raised in that case.

In Rippetoe v. Dwyer the defendant claimed as in this case through a sale under execution. The plaintiff sued in trespass to try title and defendant filed a plea of not guilty, under which he introduced his chain of title including the judgment, execution and deed from the sheriff. The trial court admitted testimony to prove that the purchase by Rippetoe at the sheriff's sale was fraudulent, for which the Supreme Court reversed the judgment, holding that it was necessary for the plaintiff to have pleaded the facts which were relied upon to show the invalidity of Rippetoe's title. Judge Gould delivered the opinion of the court and rested it upon a reference to Ayers v. Duprey, applying to the plaintiff the rule which the courts have established for the defendant in such cases. Rippetoe v. Dwyer is in conflict with Rodriguez v. Lee, 26 Texas, 32; McSween v. Yett, 60 Texas, 183; Hannay v. Thompson, 14 Texas, 142; Rivers v. Foote, 11 Texas, 672; Hollingsworth v. Holshousen, 17 Texas, 46.

In Rodriguez v. Lee plaintiff sued in trespass to try title to recover a tract of land, to which the defendant filed a plea of not guilty. At the trial the defendant offered in evidence, as a part of his chain of title, a judgment of the District Court of Bexar County, rendered in 1839, against the ancestor of the plaintiff and an execution and sale under that judgment, with a sheriff's deed and chain of title connecting the defendant therewith. The plaintiff offered to prove in rebuttal of this evidence that the defendant in that judgment was dead before the suit was filed, but the testimony was excluded, and upon appeal Judge Roberts for the court said: "Upon this ground the judgment in this case must be reversed. Appellant was not required to plead any facts showing the nullity of this judgment, or the title attempted to be acquired under it, because appellees had not set up in their answer any such title to the land in controversy. If it were competent for appellees to offer this evidence of title under the general issue, which we think it was, it was equally so for the appellant to rebut such evidence by showing the judgment to have been obtained by fraud."

In Hannay v. Thompson the plaintiff sued the defendant to recover a tract of land in trespass to try title, to which the defendant pleaded not guilty. At the trial the defendant introduced, under his plea of not guilty, an absolute deed in form from the plaintiff conveying the land in controversy to him. The plaintiff offered to prove that the deed was in fact a mortgage, but the court excluded the evidence on the ground that the petition contained no allegations under which the evidence could be admitted. Upon appeal the Supreme Court reversed the judgment of the District Court. Judge Wheeler, delivering the opinion of the court, said: "If the defendant had pleaded his title

specially, under the decisions of the court the plaintiff might have been required to give notice by pleading of the intention to show by parol evidence that the absolute conveyance under which the defendant claimed and held possession was a mortgage. But as the conveyance was not pleaded, and the plaintiff had not notice of the title under which the defendant claimed, she was not bound to anticipate his defense or the evidence he would adduce in support of it, and had the right to rebut such evidence, or avoid the effect of it when introduced, by any evidence in her power. The evidence, therefore, was rightly admitted."

The latest decision that I have been able to find upon this question is McSween v. Yett, 60 Texas, 183, in which the plaintiff sued the defendants, Emma L. Yett and others, in trespass to try title for a tract of land. The defendants answered by special plea, attacking one of the deeds in the. chain of plaintiff's title, and filed a plea of not guilty. At the trial the defendants introduced under their plea of not guilty a regular chain of title from the sovereignty of the soil, and the plaintiff offered to prove facts to show that the deed to Emma L. Yett, under which the defendants claimed, was made for the purpose of defrauding the creditors of the grantor in that deed and especially the plaintiff in the judgment under which plaintiff in that suit claimed title to the land; but the trial court excluded the evidence because there were in the petition no allegations of fraud. Judge Willie said: "It is a question of notice. With the plea of not guilty alone on file, the plaintiff has no notice of his opponent's defenses, and is entitled to none, and the defendant has no right to be informed of what he will do to avoid them. With a special plea added, the plaintiff has notice that the defendant will rely upon such plea, and it is not to be presumed that he will introduce proof of any other .defense. Shields v. Hunt, supra. If, therefore, the plaintiff wishes to avoid this plea of which he has full notice, he must inform the opposite party in the proper way of the manner in which he proposes to meet it. In fact, the rules of pleading prescribed for other suits become applicable in this state of case to the action of trespass to try title. * * *

"Applying these principles to the present case we find that the defendants below pleaded 'not guilty,' and specially that the sheriff's deed under which plaintiff claimed was void, the execution and sale by virtue of which it was executed being themselves void. The plaintiff was therefore put upon notice that this was the defense he was expected to meet. If he proposed to avoid this defense by new matter, he could not introduce it without appropriate pleadings. But under the plea of 'not guilty' the defendants proved a chain of title from the government to themselves. If that chain of title had been pleaded, the plaintiffs could not have introduced proof to avoid it by showing that it was void for fraud or other cause. But as it was admitted under the general issue (whether properly or not we are not called upon to say, as it was not objected to) the plaintiff had no notice by defendant's pleas that it would be relied on, and hence was not bound to give notice to the de-

fendant in his own pleadings of the manner in which he would avoid its effect. To hold otherwise would be to allow the defendant to put in a plea upon which he did not intend to rely, and thus throw the plaintiff off his guard, and upon the trial to offer proof as to a different defense, and preclude the plaintiff altogether from controverting his testimony introduced to sustain it. It would be to give the defendant all the advantages of the plea of not guilty, whether he pleaded specially or not; and to subject the plaintiff to all the disadvantages to which he would be liable when 'not guilty' alone was pleaded, although special pleas had also been filed."

The case of Hollingsworth v. Holshousen was an action of trespass to try title, to which the defendant answered by plea of not guilty and by special plea setting up his title. Exceptions were sustained to the special plea and the defense was presented under the plea of not guilty. Plaintiff was permitted, over defendant's objections, to introduce evidence in avoidance of defendant's title, although the petition did not allege the facts which constituted the avoidance. The special plea being stricken out, the case stood as if it had not been filed, and the question is stated thus: "The appellant, who was defendant below, insists that the court erred in sustaining exceptions to his special pleas, and admitting evidence in avoidance of his evidence of title introduced under the plea of not guilty, without averment by the plaintiff of the matter in avoidance of his title." The court held that although the special plea was improperly stricken out, the evidence was admissible to attack and avoid the title of the defendant, introduced under the plea of not guilty. The case is directly in point and in line with the case of McSween v. Yett.

Rivers v. Foote was commenced as an action of trespass to try title, to which the defendant replied by special plea setting up his title and also by plea of not guilty. The plaintiff alleged nothing in avoidance of the title of the defendant, but upon the trial was permitted to introduce evidence to show that the title of the defendant as specially pleaded was not valid. The Supreme Court held this was error, placing the decision upon the ground that, the special plea having been filed, the plaintiff should not have been permitted, without alleging the facts, to introduce evidence in avoidance of that plea. The court said: "The effect given by the statute to the plea of not guilty is an anomaly in our system. And it would seem a necessary consequence of the right to give in evidence special matters under that plea, that if the defendant relies on it, and does not plead specially, so as to apprise the plaintiff of his grounds of defense and the title on which he intends to rely, the latter must be permitted to meet and repel his evidence of title, when introduced, by any evidence which he may have it in his power to produce. For the plaintiff can not be required to plead matters in avoidance of a title which the defendant has not, by his pleading, given notice of his intention to rely on in his defense. If, therefore, the defendant had not pleaded his title, but had introduced it at the trial un-

der his plea of not guilty, without having given the plaintiff notice of the particular title on which he intended to rely, any competent evidence would have been admissible on the part of the plaintiff to impeach its validity, or avoid its legal effect, without the necessity of pleading the special matter relied on in avoidance of the title." Thus we see that in that case the court in the strongest terms and most cogent reasoning held to the same proposition that was aftewards declared by Governor Roberts in the case of Rodriguez v. Lee, and in fact has been adhered to in every case since, except the case of Rippetoe v. Dwyer.

It is manifest that the decision in the case of Rippetoe v. Dwyer, 49 Texas, 506, is in direct conflict with all other cases upon the question, and the case of McSween v. Yett being the last decision, virtually overrules Rippetoe v. Dwyer. McSween v. Yett is in harmony with the well-established line of decisions in our court and is well sustained by sound reasoning before quoted from the opinion.

It may be that there is no sound reason for the difference in the rule applied to plaintiffs and that applied to defendants; but they are fixed and definite, and this court must observe them or overrule a long line of decisions.

Leaving out of view for the present the allegations by which the plaintiff attacked the validity of the judgment, the petition was in the nature of an action of trespass to try title, and the defense was presented under a plea of not guilty, therefore the evidence which would have shown the invalidity of the sale, or would have proved the right of plaintiff to have the sale set aside for irregularities, was admissible without being set up by the plaintiff. If I am correct in this view of the law, it necessarily brings the bar of the judgment within the rule expressed by the majority, as being conclusive of all issues upon which evidence could have been admitted under the pleading.

The importance of maintaining the distinction between the cause of action and the reasons or grounds alleged for granting the relief sought is such as to justify repeating at this point, that the cause of action in the former suit was plaintiffs' title to the land, and the right of possession and the defendant's unlawful possession and claim of title. Patterson v. Wold, 33 Fed. Rep., 791; Wildman v. Wildman, 70 Conn., 700; Rippetoe v. Dwyer, 1 U. C., 498. The first suit was an action of trespass to try title combining with it an equitable proceeding, in aid of the recovery of the land, to set aside the sale, for which purpose the attack was made upon the judgment and order of sale upon grounds which need not be repeated here. It was alleged that the judgment and proceedings had thereunder constituted a cloud upon plaintiff's title, and there was a prayer for the concellation and annulment of the judgment and all proceedings under it, for perpetual injunction against its future enforcement, and for recovery of title and possession of the land. These allegations leave no room for doubt that the suit, so far as it related to the judgment and order of sale, was an attack upon them as muniments of defendant's title that cast a cloud upon plaintiff's title

which constituted that an action of trespass to try title. Allen v. Stephanes, 18 Texas, 658; Dangerfield v. Paschal, 20 Texas, 536; Grimes v. Hobson, 46 Texas, 416.

The issues presented in the former suit were that the plaintiff had title to the land and was entitled to the possession of it, and that the defendant unlawfully held possession and claimed title through a sale under the judgment and process which was invalid and which did not pass the title of the plaintiff, but constituted a cloud upon plaintiff's title. The manner of executing the order of sale, that is, the irregularities complained of in this action, were the facts pertinent to the issue of title made in the former suit and essential to sustain the attack made upon the defendant's title by the plaintiff, and, being so related to and connected with the cause of action, the former judgment concluded the plaintiff with regard to that matter, whether the evidence of the irregularities was admissible under the pleading he presented or not. Foster v. Wells, 4 Texas, 101; Nichols v. Dibrell, 61 Texas, 539; Ewing v. Wilson, 63 Texas, 88; Thompson v. Myrick, 24 Minn., 4.

Nichols v. Dibrell involved this state of facts: Nichols and wife lived upon a tract of land containing more than 200 acres and were entitled to their homestead of 200 acres exempted from execution. Judgment was recovered against Nichols and execution levied upon the entire tract, which was sold, after which Nichols and wife instituted a suit to recover the whole tract, and nothing being alleged as to their homestead exemption, judgment was given in favor of the defendant. Nichols and wife brought a second suit for 200 acres of the land, setting up facts showing that it was their homestead and was not subject to sale under the judgment and execution; but they did not allege any facts which excused them for failing to present the issue of homestead in the first suit. The defendant pleaded the former judgment in bar of their recovery. The court held that the homestead exemption was a fact necessary to sustain their former suit and that their right was concluded by that judgment.

The case of Ewing v. Wilson is like this case, with the difference that the parties acted in the reverse order to which they have acted in this case. In that case there was a judgment against Ewing, and he also had given a deed of trust upon the land; sales were made under both the judgment and the deed of trust and Wilson and Howell became the owners of the title derived through each sale. Wilson and Howell brought suit against Ewing in trespass to try title; he was served but failed to answer. Judgment was for the plaintiffs and they were put into possession. Subsequently Ewing was declared to be of unsound mind and a guardian appointed for him. The guardian sued to recover the land, upon the ground that Ewing was non compos mentis at the time the judgment for the debt was rendered against him and no guardian ad litem was appointed, for irregularities in the sale and gross inadequacy of price. This court held that the judgment in trespass to try title barred the right of Ewing to set up the invalidity of the judg-

ment for the debt or sale under it or the invalidity of the sale under the deed of trust, and said: "If these sales were invalid and might have been set aside by proper proceeding, these matters of invalidity existed when the suit of trespass to try title was brought by the appellees against George Ewing, and existed at the time the judgment in favor of the appellees was rendered in that case, and therein should have been presented or otherwise made available. The judgment rendered in that cause so long as not set aside is conclusive between the parties that the title to the land was in the appellees at the time of its rendition." If the judgment concluded Ewing, who did not answer, upon existing grounds of defense against the action which might have been presented but were not, by the greater reason the judgment in the first suit between these parties is conclusive against the plaintiffs, who appeared in court, but failed to present existing facts pertinent to the issues and necessary to their recovery. This case can not be distinguished from that upon any sound principle. The very question now before this court was decided in that case—language could not be more definitely addressed to the question of res adjudicata, and it can not be applied to any other question. The following language used by Judge Stayton is all that there is upon which to base a conclusion that there was any other question than that of res adjudicata in the mind of the court: "The general rule is, that in a proceeding to set aside a sale made under a judgment, the plaintiff and purchaser should be made parties." No one would believe that Judge Stayton, after discussing fully the question of res adjudicata, intended to decide the case by that short sentence without stating a fact or proposition to which it could apply. This case will be irreconcilably in conflict with that.

The opinion of the majority, seems to proceed upon the idea that there were two causes of action set up in the former suit; one to recover the land, the other to set aside the judgment because of its effect upon their interests other than the title to the land, and that the irregularities in the sale constitute a third cause of action. That is a fallacy upon which the majority opinion is constructed. "This case is a splitting of reasons rather than of a cause of action." Sayers v. Auditor, 124 Mich., 259. If, however, all that is claimed by the majority be conceded, it means, at most, that there was in that case litigation as to the judgment and order of sale which did not conclude an inquiry into the regularity of the sale. It is not denied by the majority that the title to the land was in issue in that case. The judgment "that the plaintiffs take nothing by their suit" divested title to the land out of them and vested it in the defendants. Hoodless v. Winter, 80 Texas, 638; Wooters v. Hall, 67 Texas, 513. In the last case cited this court held that a similar judgment vested title in the defendant that in a suit by him would sustain judgment against a subsequent purchaser from the plaintiffs, and, of course, would have been as effective against the plaintiffs themselves. The effect of the judgment in the former action being to divest all title out of the plaintiffs in this suit and to

vest it in Mrs. Moore, and that judgment not having been set aside, nor annulled by any proceeding known to the law, that title was in her when this action was begun. If this is a suit for the land it presents the same issue between the same parties as the former suit, therefore a recovery is barred by the judgment in that case. If it does not present an issue of title, as did the former suit, then no matter what the cause of action may be, a court can not directly nor indirectly divest out of the defendants the title which was vested by the former judgment without setting it aside. The majority say that the two judgments are consistent.

"A judgment or decree is the end for which the jurisdiction of the court is exercised." Fordyce v. Beecher, 2 Texas Civ. App., 31. The subject matter of the former suit as well as this was the same land and the end for which the jurisdiction was exercised was a disposition of that subject matter by decreeing it to one party or the other, which constituted the judgment in each case. The decision in the course of the trial of the first suit that the judgment attacked was valid and in this that the sale was voidable were not the judgments but the reasons for pronouncing the judgment in each case. It is consistent that the judgment attacked should be valid and that the sale should be voidable; but it is not consistent that the court should have reached the end for which its jurisdiction was invoked by decreeing the land to the defendant in the first suit and in this suit by decreeing the same land to the plaintiffs. I may be excused for saying that the fallacy of considering the attack upon the judgment in the one case and upon the sale under it in the other as independent causes of action is here prominent and leads necessarily to the false conclusion.

If the former proceeding, in so far as it sought to set aside the judgment and order of sale, could be considered as a separate action from the action of trespass to try title embraced in the same petition, I am of opinion that this proceeding to set aside the sale of the land would be barred by the former judgment because that attack upon the judgment was for the purpose of annulling the sale, and concluded all existing grounds for setting the sale aside. Werlein v. New Orleans, 177 U. S., 390; Sayers v. Auditor, 124 Mich., 259. The cases cited support the proposition. The city of New Orleans owned land in the city dedicated to public use, which was exempted from seizure for its debts. Klein recovered a judgment against the city in the United States Circuit Court and execution upon that judgment was by the marshal levied upon the exempted land and advertised for sale. The city obtained a temporary injunction, which, upon a hearing, was dissolved and the bill dismissed. The bill did not set up the exemption. The land was sold under the execution and purchased by Andrew C. Lewis, through whom Werlein claimed title. The city filed a suit in the same court to recover the property from Werlein upon the ground that the land was exempted and the sale by the marshal was void. The defendant pleaded the former judgment in bar of the recovery. That court sustained the plea,

saying: "The fact now alleged would have furnished in the chancery suit but another ground or reason upon which to base the claim of the city that Klein had no right to sell the property under his writ. In other words, it would have been additional proof of the cause of action set forth in this suit, the city would have had the right to set that fact up in its bill and to have proved it on the trial, and, if proved, it would have been foundation for the judgment enjoining the sale of the property; but the fact would have been nothing more than evidence of the right of the city to obtain an injunction asked for in the chancery suit, and we think it was the duty of the city to set up in that suit and to prove any and all grounds that it had to support the allegations that Klein had no right to seize or sell the property."

Sayers v. Auditor, above cited, is also in point. The plaintiff had instituted a proceeding to set aside the sale of the land for taxes, which was decided against him. The case cited was then begun to set aside the same sale for a different reason, but the court held the former judgment to constitute a bar to the second suit, and said: "The object of the two suits is the same, namely, the cancellation of the deed. It is the general rule that a party can not split his cause of action and bring suits in detail. This case is a splitting of reasons, rather than of a cause of action. The parties are the same; the cause of action, viz., an invalid deed, is the same; the object sought for, viz., the cancellation of the deed, is the same. It can not be denied that relator might have included in his chancery suit the same reason that he now urges in this proceeding. There should be an end of litigation, and when a party proceeds in chancery to procure the annulment of a deed he must allege and show his reasons. He must set forth all the reasons he has against the validity of the deed. He can not allege one reason, have that determined against him, and then bring suit for another reason."

Girardin v. Dean, 49 Texas, 244, was a suit to enjoin the collection of taxes in which a former judgment was pleaded as a bar, and Judge Moore said: "The relief sought in both cases is precisely the same. It is of no consequence if the reasons urged to sustain the issue presented in this suit may not be precisely those relied upon, or in the mind of the pleader, when framing the petition in the first case. The applicability of the plea depends upon the identity of the cause of action, or matter of defense in issue, and not the identity or similarity of the points or grounds urged to support or maintain the action or matter of defense."

This proceeding is an anomaly in our judicial procedure. It can not be classed as a suit in equity to set aside or review the judgment of a court of law, because we have no such proceeding in this State. The only methods known to our law by which the former judgment could lawfully be set aside were (1) a motion for a new trial during the term; (2) appeal, or writ of error; and (3) by an original proceeding in the court in which the judgment was rendered for a new trial of the case,

alleging the ground of recovery, and that without their fault they were prevented from presenting it to the court at the trial. Eddleman v. McGlathery, 74 Texas, 280; Goss v. McClaren, 17 Texas, 107. Such an action could not have been maintained upon the facts of this case. Upon what authority can plaintiffs accomplish indirectly what they could not have done by direct proceeding?

Of the judgment in the former suit the majority say: "There is no contention that the judgment is not conclusive as to the title and the right of possession. The proposition here is that the title is held subject to any right of the plaintiffs which was not and could not have been adjudicated within the scope of the action of trespass to try title in which it was rendered." The District Court had jurisdiction to adjudicate in that suit plaintiffs' right to set aside the sale if it had been pleaded, or if the plaintiffs had relied upon their allegation of trespass to try title. The effect of the judgment upon an existing ground for setting aside the sale which was attacked in the former suit can not be limited by the failure of the plaintiffs in that suit to plead that ground of recovery. Ewing v. Wilson & Howell, 63 Texas, 88.

The concession that the former judgment was conclusive upon the title to the land carries with it the admission that the title was put in issue by the pleadings in that case, because a judgment will not conclude parties on an issue not made by the peadings. The title being in issue, every fact pertinent to that issue should have been presented in that case, and whether pleaded or not is barred, otherwise it was in the power of the plaintiffs to have as many actions against the defendant as there were grounds of attack upon the judgment, order of sale and sale. Patterson v. Wold, 33 Fed. Rep., 793; Farwell v. Brown, 35 Fed. Rep., 811; Rogers v. Higgins, 57 Ill., 247; Kelly v. Donlin, 70 Ill., 385; Ruegger v. Indianapolis & St. L. Ry. Co., 103 Ill., 458; Springer v. Darlington, 198 Ill., 124; Kurtz v. Carr, 105 Ind., 583; Wildman v. Wildman, 70 Conn., 711. The facts of the last case cited were, that the plaintiff had before instituted suit against defendant to cancel a deed to land which he alleged he had never executed or delivered to defendant. Judgment was entered against plaintiff and he instituted this suit to cancel the same deed upon the ground that it was executed without consideration and was not intended to vest title in defendant. The former judgment was pleaded in bar, and the court said: "The inspection of the record also discloses that the different causes by which the invalidity of the deeds is shown were both known to the plaintiff before he brought the former suit, and that by proper care both might have been shown on the former trial. A single cause of action can not be split in two. If the plaintiff's complaint in the former action was so framed that he could not avail himself of all the evidence which he had to prove his right to recover, and so suffered defeat, it may be his misfortune." The first action was based on a ground that did not exist in fact, but the judgment was held to be conclusive of the ground not

pleaded. All of the cases cited support that doctrine, and I have found none to the contrary.

I am unable to comprehend the proposition that the judgment which divested the title out of the plaintiffs and vested it in Mrs. Moore still left in plaintiffs a right superior to the title vested in the defendant, because it seems to me that the title necessarily comprehends all of its parts, both legal and equitable. In support of their proposition to this effect the majority cite Martin v. Robinson, 67 Texas, 381. The contention was the right of the heirs to have a review in the District Court of a judgment of the probate court, ordering the sale of the land of the estate of their ancestor, upon the ground that the probate court had no jurisdiction of the estate, and that the order and sale were procured by fraud. There had been no previous judgment upon those issues, and there was no issue of res adjudicata in that case.

The former judgment between these parties has not been set aside, and can not be annulled, reversed or reviewed by this court, because it has no jurisdiction of that matter; hence the first judgment, which vests the title to the land in Mrs. Moore, will remain in force; and the judgment which the majority sustain will take from Mrs. Moore the land which was adjudged to her by the former judgment, which, with all respect for the opinion of the majority, I believe to be contrary to the rules of law established for the government of courts.